[Cite as *State v. Price*, 2018-Ohio-2896.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Nos. 17CA30 and 17CA31 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND |
| | : | JUDGMENT ENTRY |
| TERRENCE M. PRICE | : | |
| (aka TERRANCE M. PRICE), | : | |
| | : | |
| Defendant-Appellant. | : | RELEASED 07/17/2018 |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Carly M. Edelstein, Ohio Assistant Public Defender, Columbus, Ohio, for appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for appellee.

Hoover, P.J.

{¶1}    Defendant-appellant, Terrence M. Price, aka Terrance M. Price ("Price"), appeals from the judgments of the Athens County Court of Common Pleas revoking his community control and imposing the underlying prison sentence in one case; and convicting him of operating a motor vehicle while under the influence of alcohol, drugs of abuse, or a combination of them and aggravated vehicular assault and sentencing him in another case.

{¶2}    In this consolidated appeal, Price asserts that the trial court erred in revoking his community control and imposing the underlying sentence for two of his three offenses because his original sentence on those offenses was void. As the State concedes, when the trial court originally sentenced Price to community control, it erred because it imposed one lump-sum

community control sentence for two of the three offenses instead of imposing a specific

community control sentence for each count.

{¶3}    For his remedy, Price is entitled to vacation of that part of the revocation entry

involving these offenses because the trial court's disregard of statutory requirements when

initially imposing a lump-sum community control term for separate offenses rendered that part of

his sentence void. He could challenge his void sentence at any time; and neither res judicata nor

the plain-error doctrine barred it. Therefore, we sustain his assignment of error and reverse the

judgment in Case No. 17CA30 insofar as it revokes his community control for those offenses and

imposes concurrent 36-month prison terms; and we remand the cause to the trial court to vacate

that part of his sentence and to resentence him in the underlying case for these offenses. For the

remainder of the judgment in Case No. 17CA30 and the judgment in Case No. 17CA31, which

Price does not challenge in his appeals, we affirm the judgments of the trial court.

## I. Facts and Procedural Posture

### A. Case No. 17CA30

{¶4}    In April 2014, the Athens County Grand Jury returned an indictment charging

Price with one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth

degree, one count of intimidation in violation of R.C. 2921.03(A), a felony of the third degree,

and one count of intimidation of an attorney, victim, or witness in a criminal case in violation of

R.C. 2921.04(B)(1), a felony of the third degree. The case stemmed from Price's dragging of his

girlfriend by her hair down a series of stairs and his threatening of her and a responding police

officer.

{¶5}    Price ultimately pleaded guilty to the charges; and the trial court accepted his plea

and found him guilty. The trial court sentenced him to 18 months in prison for his domestic

violence conviction and entered the following five-year lump-sum community control sanction

for his intimidation convictions:

> For Counts Two and Three, the Court sentences Defendant to five (5) years of
>
> community control, subject to the general supervision and control of the Adult
>
> Parole Authority, under any terms and conditions that they deem appropriate, and
>
> shall abide and faithfully follow all the minimum general conditions of probation
>
> as journalized on August 15, 2013, by the Athens County Probation Department.
>
> Defendant's community control on Counts Two and three shall begin upon his
>
> release from the State Penal System on Count One.

The trial court additionally specified that one of the conditions of community control was that he

shall remain a law-abiding citizen during the five-year term. The court finally noted that any

violation of his community control conditions could lead to a prison commitment of 36 months

for each of the intimidation counts to run consecutively to each other for a total underlying

sentence of 72 months.

{¶6}    In November 2014, the trial court granted Price's motion for judicial release from

his prison term on his domestic violence conviction and placed him on a five-year term of

community control for that conviction. One of his conditions was that he be a law-abiding

citizen; the trial court reserved the right to reimpose his sentence for the conviction if he

committed a new criminal offense.

{¶7}    Over two years later, in March 2017, the State notified the trial court that Price

had violated the terms of his community control by committing the following offenses, which are

the subject of his appeal in Case No. 17CA31: operating a motor vehicle while under the

influence of a listed controlled substance or a listed metabolite of a controlled substance, in

violation of R.C. 4511.19(A)(1)(j)(ii), a misdemeanor of the first degree, operating a motor vehicle while under the influence of alcohol, a drug of abuse, or combination of them, in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, and aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), a felony of the third degree. These new offenses were caused by Price when he drove a car too fast around a curve, hit a guardrail, and slammed into a car traveling in the opposite direction, causing minor injuries to the driver of the other car and her two young daughters; Price tested positive for alcohol, cocaine, and opiates.

{¶8}    Price admitted to committing the three violations of his community control arising from his new offenses; and the trial court held a first-stage revocation hearing at which it found him guilty of violating his community control. In the second-stage revocation hearing, the trial court terminated Price's judicial release on his domestic violence conviction and sentenced him to serve the remainder of his previously suspended 18-month prison sentence on that conviction. For his intimidation convictions for which the trial court had previously placed him on one lump-sum, five-year term of community control, the court sentenced him to concurrent 36-month prison sentences for each count, to be served consecutively to his previously suspended 18-month prison term for his domestic violence conviction and consecutively to his sentence for his new convictions.

{¶9}    Price appealed the revocation of his community control and imposition of his underlying sentences in Case No. 17CA30.

### B. Case No. 17CA31

{¶10}   In March 2017, the Athens County Grand Jury returned an indictment charging Price of operating a motor vehicle while under the influence of a listed controlled substance or a listed metabolite of a controlled substance, in violation of R.C. 4511.19(A)(1)(j)(ii), a

misdemeanor of the first degree, operating a motor vehicle while under the influence of alcohol, a drug of abuse, or combination of them, in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, and aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), a felony of the third degree. These same offenses were the subject of the community control revocation in Case No. 17CA30. The State dismissed the first count in return for Price's guilty plea to the remaining counts; and the trial court convicted him upon his plea. The trial court sentenced him, inter alia, to an aggregate 24-month prison term to be served consecutively to his revocation sentence that is the subject of Case No. 17CA30.

{¶11}  Price appealed these criminal convictions and sentence in Case No. 17CA31. We consolidated Case Nos. 17CA30 and 17CA31 for all purposes.

## II. Assignment of Error

{¶12}  Price assigns the following error for our review:

> The trial court erred in sentencing Mr. Price to a five-year lump sum of community control for multiple counts.

## III. Standard of Review

{¶13}  When reviewing felony sentences we apply the standard of review set forth in R.C. 2953.08(G)(2). *See State v. Brewer*, 2014–Ohio–1903, 11 N.E.3d 317, ¶ 33 (4th Dist.) ("we join the growing number of appellate districts that have abandoned the *Kalish* plurality's second-step abuse-of-discretion standard of review; when the General Assembly reenacted R.C. 2953.08(G)(2), it expressly stated that '[t]he appellate court's standard of review is not whether the sentencing court abused its discretion' "). R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law."

## IV. Law and Analysis

### A. Price Does Not Contest Part of the Judgment in Case No. 17CA30

### or Any of the Judgment in Case No. 17CA31

{¶14} In assessing Price's assignment of error, we first note that he does not challenge the trial court's revocation of his community control, termination of his judicial release, and reimposition of the remainder of his previously suspended 18-month sentence for his domestic violence conviction in Case No. 17CA30. Price also does not challenge the trial court's judgment convicting him of operating a motor vehicle while under the influence of alcohol, a drug of abuse, or a combination of them and aggravated vehicular assault and sentencing him for those convictions in Case No. 17CA31. Therefore, we affirm these convictions and sentences.

### B. The Trial Court Erred in Imposing a Lump-Sum Term of Community Control for

### His Intimidation Convictions in Case No. 17CA30

{¶15} In his sole assignment of error, Price asserts that the trial court erred in revoking his community control for his two intimidation convictions and sentencing him to concurrent 36-month prison terms when his original underlying sentence in 2014 included one, lump-sum five-year term of community control for his two intimidation convictions.

{¶16} In *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at paragraphs one and two of the syllabus, the Supreme Court of Ohio held that "[a] sentence is the sanction or combination of sanctions imposed for each separate, individual offense," and "[t]he [federal] sentencing-package doctrine has no applicability to Ohio sentencing laws: the sentencing court may not employ the doctrine when sentencing a defendant and appellate courts may not utilize the doctrine when reviewing a sentence or [multiple] sentences." In so holding, the Supreme Court reasoned at ¶¶ 8-9 (emphasis sic and footnote omitted), that a lump-sum

sentence for multiple offenses would violate the plain language of Ohio's statutory sentencing provisions:

But the rationale for "sentence packaging" fails in Ohio where there is no potential for an error in the sentence for one offense to permeate the entire multicount group of sentences. Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time. Under R.C. 2929.14(A), the range of available penalties depends on the degree of each offense. For instance, R.C. 2929.14(A)(1) provides that "[f]or *a felony* of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years." (Emphasis added.) R.C. 2929.14(A)(2) provides a different range for second-degree felonies. In a case in which a defendant is convicted of two first-degree felonies and one second-degree felony, the statute leaves the sentencing judge no option but to assign a particular sentence to *each* of the three offenses, *separately.* The statute makes no provision for grouping offenses together and imposing a single, "lump" sentence for multiple felonies.

Although imposition of concurrent sentences in Ohio may appear to involve a "lump" sentence approach, the opposite is actually true. Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. *See* R.C. 2929.11 through 2929.19. Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should

serve those terms concurrently or consecutively. See *State v. Foster,* 109 Ohio

St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus, ¶ 100,

102, 105; R.C. 2929.12(A); *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855,

846 N.E.2d 1, paragraph three of the syllabus. Under the Ohio sentencing statutes,

the judge lacks the authority to consider the offenses as a group and to impose

only an omnibus sentence for the group of offenses.

{¶17}   In accordance with *Saxon*, we have held that " 'a trial court must separately

dispose of each count for which a defendant has been convicted, including specific community

control terms for each separate count. In other words, a court may not impose one, lump sum

community control sentence instead of imposing a specific community control sentence for each

count.' " *State v. Wheatley*, 2018-Ohio-464, 94 N.E.3d 578, ¶ 44 (4th Dist.), quoting *State v.

Powell*, 4th Dist. Athens No. 14CA31, 2017-Ohio-1068, ¶ 18. Therefore, as the State concedes

on appeal, the trial court erred by sentencing Price to one lump-sum term of community control

for his two intimidation convictions rather than separate terms for each conviction.

### C.   The Appropriate Remedy for the Trial Court's Void Sentence is to

### Vacate the Revocation of his Community Control for his Intimidation Convictions

{¶18}   The parties disagree about the remedy for the trial court's error in imposing a

lump-sum, five-year community control sentence for his separate intimidation convictions. Price

argues because this part of his 2014 sentence is void, the trial court also erred in vacating his

community control for those convictions and imposing the underlying 36-month prison sentences

for his violations of his community-control conditions in 2017. The State counters that the trial

court's error merely rendered this part of his sentence voidable and although he is entitled to

resentencing on the 2014 convictions, res judicata barred him from contesting the 2017

revocation of his community control on his intimidation convictions and he forfeited his claim by failing to raise it below and not meeting the plain-error standard.

{¶19} The Supreme Court of Ohio has held that " '[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.' " *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 20, quoting *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). This precept necessarily follows from the trial court's role at sentencing, which is to impose a sentence provided for by statute: " 'A court has no power to substitute a different sentence for that provided by statute or one that is either greater or lesser than that provided for by law.' " *Id.*, quoting *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964).

{¶20} The Supreme Court of Ohio's void-sentence jurisprudence " 'reflects a fundamental understanding of constitutional democracy' that the power to define criminal offenses and prescribe punishment is vested in the legislative branch of government and that courts may impose sentences only as provided by statute." *Id.* at ¶ 22, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶¶ 21-22. "Because '[n]o court has the authority to impose a sentence that is contrary to law,' * * * when the trial court disregards statutory mandates, '[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.' " *Id.* at ¶ 22, quoting *Fischer* at ¶¶ 23, 30; *State v. Walker*, 8th Dist. Cuyahoga No. 105350, 2017-Ohio-7609, ¶ 13.

{¶21} The trial court's imposition of a lump-sum, five-year term for Price's two intimidation convictions in 2014 disregarded Ohio's statutory requirements to impose separate sentences for each offense. *See State v. Evans*, 113 Ohio St.3d 100, 2007-Ohio-861, 863 N.E.2d

113, ¶ 12 ("the 'sentencing package' doctrine ignores the sentencing scheme set forth by the

Revised Code, which provides a particular, independent sanction or range of sanctions for each

offense and does not authorize a trial court at sentencing to consider multiple offenses together").

{¶22}  Therefore, that lump-sum community control part of his 2014 sentence was void

and could not support the trial court's 2017 revocation of his lump-sum community control. *See,*

*e.g., State v. Klein*, 4th Dist. Meigs No. 15CA12, 2016-Ohio-5315, ¶ 26 (when a community

control sentence is contrary to law and not authorized by law, it is void and the trial court's

subsequent judgment revoking the community control based on a violation of it must be vacated

and reversed); *State v. Lynch*, 8th Dist. Cuyahoga No. 104200, 2016-Ohio-7721, ¶ 1 ("because

the trial court improperly imposed a single term of community control for multiple convictions,

we vacate the original sentence imposed, as well as the judgment terminating community control

and imposing a prison sentence, and remand the case for de novo resentencing on each count");

*State v. Williams*, 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995, ¶¶ 22-27 (vacating both the

sentence imposed upon revocation of community control in December 2009 and the trial court's

original sentence imposed in May 2009 because the original sentence imposing one lump-sum

term of community control for multiple convictions was contrary to law and thus void).

{¶23}  Notwithstanding the State's argument on appeal, Price's claim is not barred by res

judicata. *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22, quoting *Fischer*,

128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶¶ 23, 30. Price did not forfeit the error or

limit himself to the requirements of the plain-error doctrine by failing to raise this jurisdictional

error below. *See, e.g., State v. Hairston*, 10th Dist. Franklin Nos. 07AP-160 and 07AP-161,

2007-Ohio-5928, ¶ 38 ("because a party may challenge a void sentence at any time, appellant did

not forfeit his right to challenge his void sentence on appeal, and we may remedy the void sentence irrespective of the plain error doctrine").

{¶24} Therefore, we sustain Price's assignment of error and vacate and reverse that part of the trial court's judgment revoking his lump-sum community control for his intimidation convictions and sentencing him to prison for those convictions as well as his original lump-sum community control term.

### V. Conclusion

{¶25} Having sustained Price's assignment of error, in Case No. 17CA30, we vacate and reverse the judgment revoking his lump-sum community control for his intimidation convictions and sentencing him to prison for those convictions as well as his original lump-sum community control term and remand the cause to the trial court for resentencing.

{¶26} For the remaining judgment revoking his community control for his conviction and sentence for domestic violence in Case No.17CA30 and his convictions and sentence in Case No. 17CA31, we affirm.

JUDGMENT REVERSED IN PART AND AFFIRMED IN PART AND CAUSE REMANDED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IN CASE NO. 17CA30 IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED. It is further ordered that the JUDGMENT IN CASE NO. 17CA31 is AFFIRMED. Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

By: _____
    Marie Hoover, Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**