[Cite as *State v. Park*, 2019-Ohio-2683.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                       :     Case No.   18CA7

    vs.                                                     :

JOHN PARK,                                        :     DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                   :

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Patrick T. Clark, Assistant State Public Defender, Columbus, Ohio.[1]

Dave Yost, Ohio Attorney General, and Christopher L. Kinsler, Associate Assistant Ohio Attorney General, Columbus, Ohio.

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:   6-25-19
ABELE, J.

{¶ 1}   This is an appeal from a Jackson County Common Pleas Court sentence of John Park, defendant below and appellant herein, after his guilty pleas and conviction on three counts of unlawful sexual conduct with a minor.

{¶ 2}   Appellant raises two assignments of error for review.

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT SENTENCED MR. PARK
TO A FIVE-YEAR LUMP-SUM OF COMMUNITY CONTROL FOR

---

[1]Different counsel represented appellant during the trial court proceedings.

MULTIPLE COUNTS.  STATE V. *SAXON, 109 Ohio S*t.3d 176, 2006-Ohio-1245, 846 N.E.2d 824; STATE V. *POWELL,* 4TH DIST. ATHENS NO. 14CA31, 2017-OHIO-1068; *STATE V. PRICE*, 4TH DIST. ATHENS NOS. 17CA30, 17CA31, 2018-OHIO-2896; *STATE V. WHEATLEY*, 4TH DIST. HOCKING NO. 17CA3, 2018-OHIO-464; T.P. 41-42; JUNE 2, 2017 SENTENCING ENTRY."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT SENTENCED MR. PARK TO CONSECUTIVE PRISON TERMS FOR VIOLATING HIS COMMUNITY CONTROL WITHOUT MAKING THE FINDINGS REQUIRED BY R.C. 2929.14(C)(4) DURING THE SENTENCING HEARING.  STATE V. *FRALEY, 105* Ohio St.3d 13, 2004-OHIO-7110, 821 N.E.2D 995; *STATE V. BONNELL*, 140 OHIO ST.3D 209, 2014-OHIO-3177, 16 N.E.3D 659; *STATE V. DUNCAN*, 12TH DIST. BUTLER NOS. CA2015-05-086, CA2015-06-108, 2016-OHIO-5559; T.P. 93; SEPTEMBER 6, 2018 SENTENCING ENTRY."

{¶ 3}   On March 31, 2017, appellant pled guilty to three counts of unlawful sexual conduct with a minor, in violation of 2907.04(A).   Pursuant to a joint recommendation that appellant receive a community control sentence, the trial court imposed a single term of community control for the three violations.   Subsequently, the court determined that appellant violated the terms and conditions of the community control sanction.   The court thereupon revoked appellant's community control and imposed the "previously reserved prison term" of 108 months.   Additionally, the trial court did not make finding concerning consecutive sentences.   This appeal followed.

I.

{¶ 4}   In his first assignment of error, appellant asserts that the trial court erred by imposing a single, five year term of community control for the three offenses, rather than impose a separate sentence for each offense. In support of his argument, appellant cites *State v. Powell*, 4th Dist. Athens Nos. 14CA31 & 14CA45, 2017-Ohio-1068, *State v. Price* 4th Dist. Athens Nos. 17CA30 & 17CA31,

2018-Ohio-2896, and *State v. Wheatley*, 4th Dist. Hocking No. 17CA3, 2018-Ohio-464.

{¶ 5} Appellee candidly agrees with appellant's assertion and concedes that a trial court may not impose a single, lump sum community control sentence for three separate offenses, rather than impose a specific community control sentence for each individual count.

{¶ 6} Consequently, in light of the parties' agreement we hereby reverse the trial court's sentence imposed in this matter and remand this cause for resentencing.

II.

{¶ 7} In his second assignment of error, appellant asserts that the trial court erred by imposing consecutive sentences without making the required statutory findings. See R.C. 2929.14(C)(4).

{¶ 8} We, however, agree with appellee that, in view of our disposition of appellant's first assignment of error, appellant's second assignment of error has been rendered moot. See App.R. 12. Nevertheless, on remand the trial court will have the opportunity to address all sentencing issues, in addition to any issue related to consecutive sentences.

{¶ 9} Accordingly, based upon the foregoing reasons, we hereby reverse the sentence that the trial court imposed in this matter and remand this cause for resentencing consistent with this opinion.

JUDGMENT REVERSED AND CAUSE
REMANDED FOR RESENTENCING
CONSISTENT WITH THIS OPINION.

## JUDGMENT ENTRY

It is ordered that the judgment be reversed and the cause remanded for resentencing consistent with this opinion.   Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.