[Cite as *State v. Hernandez-Torres*, 2019-Ohio-5310.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NOS. 2019-L-028** |
| - vs - | : | **2019-L-029** |
| RONALDO RAMON HERNANDEZ-TORRES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 2017 CR 000383 and 2018 CR 001227.

Judgment: Modified in part and affirmed as modified; reversed and remanded.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Edward M. Heindel*, 2200 Terminal Tower, 50 Public Square, Cleveland, Ohio 44113 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Ronaldo R. Hernandez-Torres, appeals his convictions contending that the trial court erred in excluding certain testimony at trial and by imposing an impermissible sentence. We modify in part and affirm as modified, and reverse and remand.

{¶2} This appeal arises via two trial court cases, which we consolidated for opinion purposes.

{¶3} In May of 2017, appellant was charged in case number 17-CR-00383 with trespass in a habitation when a person is present or likely to be present with a contraband forfeiture specification, a fourth-degree felony in violation of R.C. 2911.12(B), and domestic violence, a first-degree misdemeanor in violation of R.C. 2919.25(A). He pleaded guilty to both and was sentenced to two years community control. Appellant's community control was revoked after he pleaded guilty to community control violations in February of 2019. On March 7, 2019, the trial court sentenced him to 18 months in prison on count one, trespass in a habitation when a person is present or likely to be present, concurrent with 180 days in jail on count two, domestic violence.

{¶4} In case number 18-CR-001227, appellant was charged with domestic violence, a fourth-degree felony in violation of R.C. 2919.25(A); resisting arrest, a second-degree misdemeanor in violation of R.C. 2921.33(A); and intimidation of a victim or witness in a criminal case, a first-degree misdemeanor in violation of R.C. 2921.04(A). (These charges were the basis for his community control violations in case number 17-CR-00383.) A jury convicted him of all charges. Appellant was sentenced to 18 months in prison on count one, 90 days in jail on count two, and 180 days in jail on count three, all to run concurrent to one another. The court ordered this sentence to run consecutive to the sentence imposed in case number 17-CR-000383.

{¶5} Although the trial court cases were not consolidated, the court issued separate sentencing decisions after a consolidated sentencing hearing held in March of 2019. Appellant appeals both decisions and raises two assigned errors.

{¶6} Appellant's first assignment of error arises solely from his jury trial in his second case, 18-CR-001227, and contends:

{¶7} "The trial court erred when it did not permit testimony of Torres' statements while being arrested. (T.p. at 276-277)."

{¶8} Trial courts have broad discretion when deciding to admit or exclude evidence. *State v. Fowler*, 10th Dist. Franklin No. 15AP-1111, 2017-Ohio-438, 84 N.E.3d 269, ¶ 15, citing *State v. Hand,* 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, ¶ 92. We review a trial court's ruling on evidentiary issues for an abuse of discretion and cannot reverse a decision absent "proof of material prejudice." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 181, citing *State v. Belton,* 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶ 116.

{¶9} "Absent a clear abuse of discretion, a reviewing court will not reverse the judgment of the trial court. * * * '[T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' * * * [A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' * * * When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" (Citations omitted.) *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶ 70.

3

{¶10} Appellant asserts the court erred in prohibiting his trial counsel from eliciting testimony from Officer Cueni on cross-examination about statements that appellant made to the officer after being arrested. Appellant claims his counsel was trying to show that appellant was in pain and thought his arm was breaking while the officer was trying to secure his mobile phone. He raises three grounds on which the court should have permitted this testimony: first, he claims the testimony was not hearsay; second, assuming it was hearsay, he contends the excited utterance exception applies; and finally, he claims the excluded statements were admissible as statements describing appellant's then-existing state of mind.

{¶11} Officer Cueni testified on direct that appellant was in the back seat of the patrol car when Cueni told him he was under arrest. He was not yet handcuffed. Appellant became upset and placed a call on his mobile phone. He began quickly speaking in Spanish in a loud and excited voice to the person on the phone. Not understanding what appellant was saying, Cueni became concerned for his safety and thought that appellant was possibly calling someone to help him. Thus, Cueni walked to the rear of the car to confiscate appellant's phone. Appellant told him no, so Cueni attempted to secure him in handcuffs. Cueni told appellant to put his hands behind his back and grabbed appellant's hand. Appellant did not comply, so Cueni tried to push him to the ground to secure him. Cueni described appellant as clearly trying to get away from him. And a struggle ensued during which appellant was violently jerking away from Cueni. The struggle continued until Cueni finally secured him on the ground in a nearby yard. Cueni then called for backup. Two other officers arrived, who were able to handcuff appellant.

4

{¶12} The limited testimony presented before this line of questioning was objected to and excluded by the trial court shows that appellant's statements to the officer were made *after* appellant was in handcuffs. The following exchange occurred on cross-examination of Officer Cueni:

{¶13} "Q. * * * And then Ronaldo made some statements to you *after this whole incident* and he got handcuffed, right?

{¶14} "A. Correct.

{¶15} "Q. So in fact he told you that he thought that you were trying to break his arm?

"MS. LINDEN: Objection.

"THE COURT: Sustained.

{¶16} "Q. So did he explain to you why the situation happened the way that it did?

"A. I asked him why did you, I said why did you get out of the car on me and he said you told me to put my hands behind my back, you said to get on the ground and I was trying to do that.

{¶17} "Q. Okay. Did he say anything about why he was trying to move out?

"MS. LINDEN: Objection.

"THE COURT: Sustained." (Emphasis added.)

{¶18} The following exchange then occurred outside the presence of the jury:

{¶19} "MS. LINDEN: The defense counsel cannot elicit statements about what the defendant stated. [If t]he defendant wants to testify that's fine but eliciting, it's not a statement against his interest, it's not, it doesn't fall within any of the exceptions. You can't have your client's own testimony coming in until he testifies.

{¶20} "* * *

{¶21} "MS. ROGAZIONE:  I'm not asking to prove the truth of the matter asserted. I am asking to explain the whole situation and it's in the officers' reports.

{¶22} "THE COURT:  Well, the first one I sustained you asked him clearly about the incident in question and the answer of the question would have been that he thought his arm was being broken, that's why he fled so that's a statement that if he testifies, he'll make.  If he doesn't testify you can't get it in through other means, so I mean what's the difference now in what you're trying to get out of the officer as far as what your guy said?

{¶23} "* * *

{¶24} "MR. GABELMAN:  I would assert, Your Honor, that the statements are not being offered for the truth of the matter asserted.  It's being offered merely to show [what] he did for * * * protection.

{¶25} "THE COURT:  What he's trying to show [is that] he didn't resist arrest.  He assumed he was going to get hurt, he was trying to avoid being hurt.  That's a statement coming from anybody other than him, I'm going to sustain the objection."

{¶26}  There is no motion in limine on this issue, no other testimony on this issue, and no proffer of evidence by defense counsel.

{¶27}  As stated, appellant was convicted of resisting arrest which prohibits a person from "recklessly or by force" resisting or interfering "with a lawful arrest of the person or another."  R.C. 2921.33(A).

{¶28}  All relevant evidence is generally admissible.  Evid.R. 402.  Hearsay is not generally admissible unless an exception to the hearsay rule applies or otherwise provided by law.  Evid.R. 802.  "'Hearsay' is a statement, other than one made by the

6

declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid. R. 801(C).

{¶29} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

{¶30} "* * *

{¶31} "(2) Excited Utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

{¶32} "(3) Then Existing, Mental, Emotional, or Physical Condition. A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed * * *." Evid. R. 803.

{¶33} Here, appellant's alleged statements to the officer during and after his arrest are hearsay. Appellant claims the testimony would have shown that he was feeling significant pain and was trying to protect himself. He wanted to use his out-of-court statements made to the police for the truth of the matter asserted and, specifically, to explain his actions and that he did not intend to resist or act recklessly in that regard. Thus, we disagree with his first argument.

{¶34} As for appellant's second and third reasons the court should have admitted his out of court statements made to police, he argues the then-existing physical condition exception in Evid.R. 803(3) or the excited utterance exception in Evid.R. 803(2) applies. We agree with appellant's contention that the officer's testimony restating what appellant

7

said at the time of his arrest *could* have fallen within one of these exceptions. *See generally State v. Thompson-Shabazz*, 2d Dist. Montgomery No. 27155, 2017-Ohio-7434, 96 N.E.3d 1146, ¶ 106, citing *State v. Travis*, 165 Ohio App.3d 626, 2006-Ohio-787, 847 N.E.2d 1237, ¶ 35 (2d Dist.) (explaining that these hearsay exceptions are based on the premise that statements or perceptions uttered during or within a short time from an event are more trustworthy). However, he failed to proffer evidence detailing when the statement was made. *State v. Rivers*, 50 Ohio App.2d 129, 361 N.E.2d 1363 second paragraph of syllabus (8th Dist.1977) (holding that when a court sustains objections to a question, a statement must be made or proffered as to what the expected answer would have been).

{¶35} Here, admissibility depends on *when* appellant made the statement. As it stands, it is unclear when appellant's alleged statement was made. Defense counsel's question raises the question of *when* did appellant make the alleged statement that he thought the officer was breaking his arm. Did appellant tell the officer that he thought Cueni was breaking his arm before or after the stress, excitement, or pain of the event had subsided? Evid.R. 801(C). While we grasp the substance of his argument, we do not know the timing of his alleged statement, absent a proffer, sufficient to determine admissibility. Consequently, appellant fails to establish if there was error, and if so, whether it was prejudicial. *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 181; *State v. Coleman*, 7th Dist. Belmont No. 91-B-36, 1995 WL 516965, *6.

{¶36} Appellant's first assigned error lacks merit and is overruled.

8

{¶37} Appellant's second assignment arises from his original sentencing in case number 17-CR-00383 and asserts:

{¶38} "The trial court erred by imposing a community control 'sentencing package' at Torres' initial sentencing. The imposition of original sentence in 17-CR-00383 should be vacated, along with the probation violation. (Sent.T.p. at 15)."

{¶39} As stated, appellant pleaded guilty in May of 2017 to trespass in a habitation when a person is present or likely to be present, a fourth-degree felony in violation of R.C. 2911.12(B), the contraband forfeiture specification, and domestic violence, a first-degree misdemeanor in violation of R.C. 2919.25(A).

{¶40} The trial court found him amenable to community control at the sentencing hearing held June 22, 2017 and sentenced him to 100 days in the Lake County jail with credit for 95 days and two years community control. After reciting the terms of his community control, the court advised appellant that "[i]f you violate your community control and I find you violated your community control, then * * * I'll send you to prison for the balance of those 18 months * * *." The court also ordered appellant to forfeit certain items, including currency and drug paraphernalia.

{¶41} Following the state's first motion to revoke appellant's community control, appellant admitted to the violations, and the court continued his community control and again advised him that he faces 18 months in prison for a subsequent violation.

{¶42} The state again moved to revoke appellant's community control in September of 2018 after appellant was arrested for domestic violence and resisting arrest. Appellant pleaded guilty to violating his community control conditions, and on March 7, 2019, the court revoked his community control and sentenced him to 18 months

9

in prison on the felony trespass count concurrent to six months on the domestic violence misdemeanor count with credit for time served.

{¶43} Appellant now argues that the court's original June 26, 2017 sentence of two years community control is void because the court issued an impermissible sentencing package in violation of Ohio's sentencing laws and *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824. The state concedes error and that de novo sentencing is warranted.

{¶44} Ohio's sentencing scheme does not permit sentencing packages or the imposition of a bundled sentence for more than one offense. *Saxon* at ¶ 9. The judge "must consider each offense individually and impose a separate sentence for each offense." *Id.*

{¶45} Further, numerous courts, including this one, have held that this prohibition on omnibus sentencing applies when a court is imposing community control because community control sanctions are criminal penalties subject to Ohio's sentencing statutes. *State v. Williams*, 3rd Dist. Hancock No. 5-10-02, 2011-Ohio-995, ¶ 21; *State v. Pari*, 9th Dist. Summit No. 28098, 2017-Ohio-4165, ¶ 35; *State v. Armstrong*, 11th Dist. Trumbull No. 2015-T-0131, 2017-Ohio-8801, 101 N.E.3d 56, ¶ 28, *appeal not allowed,* 152 Ohio St.3d 1483, 2018-Ohio-1990, 98 N.E.3d 296; *State v. Price*, 4th Dist. Athens No. 17CA30, 2018-Ohio-2896, ¶ 22. Courts must impose individual prison terms for each offense and individual terms of community control for each. *Saxon*, supra. Thus, "when a trial court imposes community control sanctions on multiple charges in a 'sentencing package,' rather than individually, the sentence is contrary to law * * *." *State v. Crenshaw*, 11th Dist. Lake No. 2018-L-121, 2019-Ohio-3840, ¶ 18.

{¶46} Here, the trial court imposed one blanket term of community control for both of appellant's convictions and advised appellant that if he violated the terms of community control, it would send him to prison for 18 months. It did not delineate separate community control terms or individual sentences for each of appellant's two convictions if he violated. Thus, the sentence is contrary to law and is void. *Id.* at ¶ 20. And because this blanket sentence is void, the trial court could not have found appellant in violation of it or revoked a void sentence. *Price*, supra, at ¶ 22. Thus, the March 7, 2019 sentencing entry is also void. Appellant's conviction for community control violation is vacated, and this case is remanded for a de novo sentencing hearing on appellant's initial, underlying offenses, i.e., trespass in a habitation when a person is present or likely to be present with a contraband forfeiture specification, a fourth-degree felony in violation of R.C. 2911.12(B), and domestic violence, a first-degree misdemeanor in violation of R.C. 2919.25(A) in case number 17-CR-00383.

{¶47} And because appellant's sentence in case number 17-CR-00383 is void, his sentence in case number 18-CR-001227 must be modified since it was ordered to run consecutive with the one imposed in case number 17-CR-00383. *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 19; *Olmsted Falls v. Clifford*, 8th Dist. Cuyahoga No. 100375, 2014-Ohio-2397, 12 N.E.3d 515, ¶ 12 ("A trial court has no authority to order a sentence to be served consecutive to a future sentence not yet imposed.").

{¶48} Thus, we modify appellant's sentence in case number 18-CR-001227 in part and eliminate the order that it is to run consecutive with the sentence imposed in case

number 17-CR-00383 since it is a nullity.  The balance of the court's sentencing decision in case number 18-CR-001227 remains unchanged.

{¶49}   Appellant's second assigned error has merit.

{¶50}   The trial court's decision in case number 18-CR-001227 is modified in part and affirmed as modified.  The trial court's decision in case number 17-CR-00383 is reversed and remanded for resentencing, including whether it is to run consecutive to appellant's sentence in case number 18-CR-001227 and if so, the requisite findings.


TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.