[Cite as *State v. DeLuca*, 2021-Ohio-1007.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-089** |
| MICHAEL G. DELUCA, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 000984.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, Ohio 44077 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Michael G. DeLuca, appeals the July 14, 2020 judgment entry of the Lake County Court of Common Pleas, terminating his community control sanctions and imposing a sentence of 36 consecutive months in prison. The judgment is affirmed.

{¶2} The Lake County Grand Jury returned a nine-count indictment against DeLuca in 2017, relating to the theft of a wallet and the unauthorized use of its contents.

DeLuca was charged with three counts of identity fraud, three counts of forgery, and one count each of receiving stolen property, possessing criminal tools, and petty theft.

{¶3} On May 22, 2018, the trial court accepted DeLuca's guilty plea to three felonies of the fifth degree: one count of identity fraud, in violation of R.C. 2913.49(B)(2), and two counts of forgery, in violation of R.C. 2913.31(A)(3). The other charges were dismissed.

{¶4} Following a presentence investigation, the trial court sentenced DeLuca on June 26, 2018, to two years of community control. The trial court notified DeLuca he would be placed in prison if he violated the terms of his community control and that he faced a prison term of 12 months for each of the three counts, which could be run consecutively for a total term of 36 months in prison. DeLuca was also ordered to pay restitution to the owner of the stolen wallet and to Huntington Bank.

{¶5} As a condition of his community control, DeLuca was ordered to serve 60 days in jail and successfully complete the NorthEast Ohio Community Alternative Program ("NEOCAP"), followed by an additional 30 days in the Transitional Day Reporting Program at the Lake County Jail. Following his successful completion of NEOCAP, DeLuca secured sober living and treatment at a halfway house, and the trial court ordered DeLuca released from jail.

{¶6} From March 2019 through December 2019, DeLuca pleaded guilty four times to violating the terms of his community control by testing positive for amphetamine and methamphetamine, self-reporting the use of Suboxone not prescribed to him, and being unsuccessfully discharged from the halfway house. The trial court extended DeLuca's community control sanctions through January 23, 2022, ordered DeLuca to

2

serve additional time at the Lake County Jail, and ordered him to complete various treatment programs.

{¶7} DeLuca was negatively discharged from NEOCAP on May 8, 2020, prompting the state's fifth motion to terminate community control. The trial court found DeLuca guilty of violating the terms of his community control, terminated the sanctions, and imposed maximum consecutive prison terms for a total of 36 months in prison. DeLuca was awarded 424 days of credit for time served.

{¶8} From this entry, DeLuca raises one assignment of error:

{¶9} "The trial court erred by sentencing the defendant-appellant to consecutive prison sentences totaling thirty-six months, as that sentence is contrary to law."

{¶10} DeLuca first contends his underlying two-year term of community control violated Ohio's prohibition against "sentence-packaging," thereby rendering void his prison sentence for violating community control.

{¶11} Ohio's sentencing scheme does not permit sentencing packages or the imposition of a bundled sentence for more than one offense. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9. The sentencing court "must consider each offense individually and impose a separate sentence for each offense." *Id.* This prohibition on omnibus sentencing has also been held to apply when a court is imposing community control, because community control sanctions are criminal penalties subject to Ohio's sentencing statutes. *See, e.g., State v. Hernandez-Torres*, 11th Dist. Lake Nos. 2019-L-028 & 2019-L-029, 2019-Ohio-5310, ¶ 45, citing *State v. Armstrong*, 11th Dist. Trumbull No. 2015-T-0131, 2017-Ohio-8801; *State v. Williams*, 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995, ¶ 21; *State v. Pari*, 9th Dist. Summit No. 28098, 2017-Ohio-4165,

3

¶ 35; and *State v. Price*, 4th Dist. Athens Nos. 17CA30 & 17CA31, 2018-Ohio-2896, ¶ 22.

{¶12} In *Hernandez-Torres*, the trial court imposed one blanket term of community control for two offenses and advised the defendant that if he violated the terms of community control he faced a prison term of 18 months. The trial court did not delineate separate community control terms *or* individual sentences for each of the defendant's two convictions if he violated. Thus, we held the trial court erred and the sentence was void. *Id.* at ¶ 46.

{¶13} Here, however, while the trial court's original sentencing entry stated DeLuca is "sentenced to two (2) years of community control," it further advised DeLuca that a violation "shall lead to a more restrictive sanction, a longer sanction, or a term of twelve (12) months in prison on Count 2, twelve (12) months in prison on Count 4, and twelve (12) months in prison on Count 5, for a total of thirty-six (36) months in prison." Implicit within this written advisement is that DeLuca was sentenced to community control for each count to which he pleaded guilty. DeLuca has not provided a transcript of the original sentencing hearing. Therefore, we must presume the trial court also advised DeLuca orally as to the sentence for each count. *See City of Warren v. Clay,* 11th Dist. Trumbull No. 2003-T-0134, 2004-Ohio-4386, ¶ 7 (citation omitted) ("Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As appellant cannot demonstrate these errors, the court has no choice but to presume the validity of the lower court's proceedings.").

{¶14} We therefore conclude the trial court did not err in the imposition of DeLuca's original community control sentence. Moreover, the trial court properly imposed a separate prison sentence for each offense when it terminated DeLuca's community control. We additionally note that any error in this regard would render the sentence voidable, not void. *See State v. Hedges*, 11th Dist. Lake No. 2019-L-135, 2020-Ohio-4528, ¶ 11, citing *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 26 (any error in the exercise of a court's subject-matter jurisdiction renders a judgment voidable, not void). Because the trial court did not err, DeLuca's original sentence was neither void nor voidable. DeLuca's argument that his prison sentence is void is not well taken.

{¶15} DeLuca next contends the trial court erred when it imposed maximum individual prison terms of 12 months each because its findings under R.C. 2929.12 were not supported by the record. Specifically, he argues the trial court should have afforded more weight to his drug addiction as a mitigating factor.

{¶16} Sentencing courts have discretion to choose the most effective way to achieve the purposes and principles of felony sentencing, as provided in R.C. 2929.11(A):

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

{¶17} In exercising that discretion, sentencing courts are required to consider the seriousness and recidivism factors found in R.C. 2929.12, as well as any other factors relevant to achieving the purposes and principles of felony sentencing. R.C. 2929.12(A).

{¶18} The statutes do not mandate judicial fact-finding, and when a sentencing court states that it has considered these factors, it fulfills its duty. Even a silent record

5

raises the presumption that the sentencing court considered all relevant factors. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42; *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus. Moreover, our standard of felony sentencing review, as provided in R.C. 2953.08(G), "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, __ Ohio St.3d __, 2020-Ohio-6729, __ N.E.3d __, ¶ 39. An appellate court is not permitted "to independently weigh evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶19} Here, the trial court noted at sentencing that it considered the factors in R.C. 2929.11, 2929.12, and 2929.13 in their entirety before imposing the prison sentence. Further, the trial court's sentencing entry finds DeLuca no longer amenable to community control after considering R.C. 2929.11, 2929.12, and 2929.13. This court is not permitted to independently reweigh the competing factors on appeal. Accordingly, this aspect of DeLuca's assignment of error is not well taken.

{¶20} Finally, DeLuca argues the trial court erred when it ordered the prison terms to be served consecutively because its findings under R.C. 2929.14 are not supported by the record.

{¶21} A statutory presumption exists in favor of concurrent sentences. R.C. 2929.41(A). "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state

6

reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

{¶22} Pursuant to R.C. 2929.14(C)(4), "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶23} Appellate courts are permitted to review the imposition of consecutive sentences under the standard provided in R.C. 2953.08(G)(2):

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate

7

court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * *;

(b) That the sentence is otherwise contrary to law.

{¶24} Here, the trial court made the requisite findings to impose consecutive sentences: "Consecutive sentences are necessary to protect the public from future crime by you and to punish you and they are not disproportionate to the seriousness of your conduct or the danger that you pose. Your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by you." These findings were also incorporated into the sentencing entry.

{¶25} We do not clearly and convincingly find that the record does not support the trial court's findings. At only 25 years of age, DeLuca has had frequent involvement with law enforcement and the criminal justice system with regard to theft and drug offenses throughout the past four years, in addition to many failed attempts to abide by community control sanctions. This aspect of DeLuca's assignment of error is not well taken.

{¶26} DeLuca's sole assignment of error is without merit.

{¶27} The judgment of the Lake County Court of Common Pleas is affirmed.

MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

8