[Cite as *State v. Holbrook*, 2022-Ohio-3479.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-T-0045** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JESSE L. HOLBROOK, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 01093 |

**O P I N I O N**

Decided: September 30, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Christopher P. Lacich*, Roth Blair Roberts Strasfield & Lodge, 100 East Federal Street, Suite 600, Youngstown, OH 44503 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Jesse Holbrook, appeals his sentence after a guilty plea to Domestic Violence, a felony of the third degree, in violation of R.C. 2919.25(A) and (D)(1)(4).

{¶2} Specifically, Appellant asserts that his sentence is contrary to law because the court did not consider the victim's statement that had been made after Appellant was sentenced. Appellant also argues ineffective assistance of counsel because his attorney failed to object to the victim's absence and did not ask the court to reconsider the

sentence following the victim's statement. For the following reasons, we affirm the judgment of the Trumbull County Court of Common Pleas.

{¶3} In January 2022, Appellant was indicted for Domestic Violence, a felony of the third degree, in violation of R.C. 2919.25(A) and (D)(1)(4). Appellant entered a plea agreement and plead guilty. The court accepted the plea.

{¶4} In May 2022, the court held a sentencing hearing. Before sentencing Appellant, the court asked whether the victim wished to be heard and the state replied "[n]o." The court proceeded to sentencing, stating:

> Okay. The Court will incorporate the pre-sentence investigation into this sentencing hearing and will find in this case that the defendant has a lengthy prior arrest history that includes 20 prior convictions, a prison term that was the result of a probation violation, has a pending domestic violence case that occurred while you were out on bond on this case. In addition, the defendant denies the instant offense and has been rated highly likely to recidivate and has numerous infractions of the rules and procedures of the Trumbull County Jail. As a result of the opinion, it is the opinion of this Court that imposing a prison term is the most effective way to comply with the purposes and principles of sentencing * * *."

{¶5} The court sentenced Appellant to 18 months incarceration.

{¶6} Immediately after the court recited the sentence, Appellant's attorney stated that "I've been made aware that the victim did come in today and did want to say something." The court allowed the victim to speak. She spoke one sentence: "I was just requesting that he gets time served but that's -- I wanted him to get out." The court replied: "All right. Well, I've sentenced him to 18 months. Okay? That's it." The hearing concluded.

{¶7} The court's journal entry provides that it considered "oral statements" and "any victim impact statements."

2

Case No. 2022-T-0045

{¶8} Appellant's first assignment of error: "The trial court erred and imposed a sentence clearly and convincingly contrary to law, by failing to hear the victim's impact statement prior to imposition of sentence and by not granting a sentence of community control."

{¶9} Appellant makes multiple arguments under this assignment. First, we consider his contention that the sentencing court erred by failing to hear the victim's impact statement prior to imposing a sentence on him.

{¶10} Crim.R. 32(C) provides that "[a] judgment is effective only when entered on the journal by the clerk." Similarly, in *State v. Bryant*, Slip Opinion No. 2022-Ohio-1878, ¶ 26, the Ohio Supreme Court held that a trial court's judgment at sentencing is not final and may be changed prior to being finalized through a journal entry.

{¶11} Here, the court's sentence was not final when the victim spoke. Moreso, the court's journal entry provides that it considered "oral statements" and "any victim impact statements." Thus, the court did not impose a sentence prior to hearing the victim's impact statement.

{¶12} Appellant next asserts that his sentence is contrary to law because the court did not consider the victim's impact statement as a mitigating factor under R.C. 2929.12.

{¶13} R.C. 2953.08 governs and provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

3

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant,

(b) That the sentence is otherwise contrary to law.

{¶14} The Ohio Supreme Court has clarified the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and 2929.12 in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. The Court held that R.C. 2953.08(G)(2)(a) does not allow an appellate court to vacate a sentence based on "lack of support in the record for a trial court's findings under R.C. 2929.11 and .12." *Id.* at ¶ 29. It concluded that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as set forth in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Thus, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶15} Appellant argues that his sentence is "contrary to law" because the court did not properly weigh the victim's impact statement as a mitigating factor. He also argues that the victim impact statement and other mitigating factors "were either ignored and/or not heard." However, his arguments fail because he asks this court to independently review the evidence and substitute its judgment for that of the trial court, which we have no authority to do. *Id.*

{¶16} A trial court is "merely required to consider the statutory factors in exercising its discretion." *State v. Delmanzo*, 11th Dist. Lake No 2007-L-218, 2008-Ohio-

4

5856, ¶ 23. A sentencing court fulfills its duty when it states that it has considered the factors under R.C. 2929.11 and R.C. 2929.12. *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18.

{¶17} The court did so here when it stated at the sentencing hearing that "it is the opinion of this Court that imposing a prison term is the most effective way to comply with the purposes and principles of sentencing." The court fulfilled its duty and finalized its judgment when its journal entry reflected that it considered "the purposes and principles of felony sentencing under R.C. 2929.11 and has balanced the seriousness and recidivism factors of R.C. 2929.12."

{¶18} Appellant's first assignment of error is without merit.

{¶19} Appellant's second assignment of error: "Plea counsel was ineffective for failing to object to sentence being imposed prior to the victim being heard and/or for failure to ask the court to reconsider the same upon hearing from the victim, plain error being implicated?"

{¶20} To prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell "below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus (adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984)). To show prejudice, the appellant must demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at paragraph three of the syllabus. If a claim can be disposed of by showing a lack of sufficient prejudice, there is no need to consider the first prong, i.e., whether trial

5

counsel's performance was deficient. *Id.* at 143, citing *Strickland*, supra, at 695-696. There is a general presumption that trial counsel's conduct is within the broad range of professional assistance. *Id.* at 142-143.

{¶21} Appellant, again, makes multiple arguments within his assignment of error.

{¶22} We first consider Appellant's argument that counsel was ineffective for failing to ensure that the victim had an opportunity to give her victim impact statement prior to Appellant being sentenced.

{¶23} As analyzed under the first assignment, the victim did give her statement before the final judgment was journalized.

{¶24} Appellant next asserts that counsel was ineffective because he did not give an "effective argument" on why community control was a more appropriate sentence than incarceration, "especially in the context of the victim." However, the record shows that counsel did argue for community control and that the trial court considered "the purposes and principles of felony sentencing under R.C. 2929.11 and has balanced the seriousness and recidivism factors of R.C. 2929.12," including Appellant's past criminal history. Appellant has not demonstrated whether, or how, the outcome would have been different if counsel had argued for community control twice and "more effectively."

{¶25} Appellant's second assignment of error is without merit.

{¶26} We affirm the judgment of the Trumbull County Court of Common Pleas.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

6

Case No. 2022-T-0045