[Cite as *State v. Walker*, 2022-Ohio-3975.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-T-0035** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the<br>Court of Common Pleas |
| JEFFREY T. WALKER, JR., | |
| Defendant-Appellant. | Trial Court No. 2021 CR 00921 |

**O P I N I O N**

Decided: November 7, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Edward M. Heindel*, 2200 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Jeffrey Walker, Jr., appeals his sentence after pleading guilty to one count of Failure to Comply with Order or Signal of a Police Officer, a third-degree felony, in violation of R.C. 2921.331(B), (C)(1), and (5)(a)(ii). Specifically, Appellant contends that the trial court erred by: 1) transferring the case to a different judge on the day of sentencing; and 2) not fully considering the purposes and principals of felony sentencing. For the following reasons, we affirm the judgment of the Trumbull County Court of Common Pleas.

{¶2} In January 2022, Appellant plead guilty to one count of Failure to Comply with Order or Signal of a Police Officer. The court accepted the guilty plea. Judge Kontos presided over the plea hearing.

{¶3} A sentencing hearing was held in April 2022. On the day of the sentencing hearing, the court entered a judgment entry on the docket notifying the parties that the case was being transferred from Judge Kontos to Judge Rice "due to unavailability" of Judge Kontos. The judgment entry was signed by the administrative judge.

{¶4} At sentencing, the court asked Appellant, "Is there any reason you can think of why we should not accept - - do your sentencing today?" Appellant made no objections, other than stating that he didn't "deserve really anything" for his actions. The court proceeded to sentencing and stated that it "has considered the overriding principles and purposes of felony sentencing, and further considered all relevant seriousness and recidivism factors." The court sentenced Appellant to twenty-four months in prison and a three-year driver's license suspension.

{¶5} Appellant timely appealed and raises two assignments of error.

{¶6} First assignment of error: The trial court erred when it transferred the case from Judge Kontos to Judge Rice on the day of sentencing.

{¶7} Appellant first contends that it was improper to transfer the case from the assigned judge to another judge for sentencing. Specifically, Appellant argues that but for the transfer, his sentence may have been different.

{¶8} Crim.R. 25(B) provides, "If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or

2

finding of guilt, another judge designated by the administrative judge * * * may perform those duties."

{¶9}    As a preliminary matter, we note that Appellant failed to raise any of these arguments at the sentencing hearing, particularly, after the court asked Appellant if there was any reason why it should not proceed with sentencing that day.

{¶10}  "It is a well-established rule that '"an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."'" *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus.

{¶11}  The Ohio Supreme Court has explained that "'[A]ny party objecting to a reassignment must raise that objection at the first opportunity to do so.  If the party has knowledge of the transfer with sufficient time to object before the new judge takes any action, that party waives any objection to the transfer by failing to raise that issue on the record before the action is taken.'" *In re Disqualification of Cirigliano*, 105 Ohio St.3d 1223, 826 N.E.2d 287, ¶ 26 (2004), quoting *Berger v. Berger*, 3 Ohio App.3d 125, 131, 443 N.E.2d 1375 (8th Dist.1981), overruled on other grounds.

{¶12}  Thus, we review this assignment under plain error.  *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21-22.  Plain error arises only when "but for the error, the outcome of the trial clearly would have been otherwise" and should be noticed "with the utmost caution, under exceptional circumstances and only to prevent

3

a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), at paragraph two and three of the syllabus.

{¶13} Here, the trial court complied with Crim.R. 25(B) because a judgment entry stated that Judge Kontos was "unavailable" for sentencing and the administrative judge signed the entry granting the order.

{¶14} Appellant contends that the transfer violated "all basic notions of fundamental fairness and due process" arguing that Judge Kontos made "vague assurances" to Appellant that he might get community control. Specifically, at the plea hearing, Judge Kontos advised Appellant what he tells "everybody that gets a pre-sentence investigation," which was to show up for his interviews immediately after leaving court, be truthful, and not get into any trouble prior to sentencing. This "vague" advice that Judge Kontos tells all defendants who get pre-sentence investigations does not demonstrate that but for the transfer of judges, Appellant's sentence would be different.

{¶15} Therefore, in accordance with Crim.R. 25(B), it was not plain error for the court to transfer the case at sentencing when Judge Kontos was unavailable, and Appellant did not demonstrate that the outcome would have been different absent the transfer.

{¶16} Appellant's first assignment of error is without merit.

{¶17} Second assignment of error: The trial court erred when it imposed a prison term of 24 months without fully considering the purposes and principles of felony sentencing.

Case No. 2022-T-0035

**{¶18}** Appellant contends that his sentence is contrary to law because the trial court failed to consider the principals and purposes of felony sentencing mandated under R.C. 2929.11 and R.C. 2929.12.

**{¶19}** R.C. 2929.11(A) provides: "a court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing."

**{¶20}** R.C. 2929.12 grants discretion to a sentencing court that imposes a felony sentence to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11(A).

**{¶21}** R.C. 2953.08(G)(2) provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> > (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant,
> >
> > (b) That the sentence is otherwise contrary to law.

**{¶22}** The Ohio Supreme Court has clarified the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and 2929.12 in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. First, the Court held that R.C. 2953.08(G)(2)(a) does not allow an appellate court to vacate a sentence based on "lack of support in the record for a trial court's findings under R.C. 2929.11 and .12" because neither of those sections is

5

enumerated within division (G)(2)(a) of the statute, and, more fundamentally, neither statute requires the court to make "findings." *Id.* at ¶ 29, ¶ 31. The Court reasoned, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶23} "A trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion." *State v. Delmanzo*, 11th Dist. Lake No 2007-L-218, 2008-Ohio-5856, ¶ 23. A sentencing court fulfills its duty when it states that it has considered the factors under R.C. 2929.11 and R.C. 2929.12. *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18.

{¶24} Here, Appellant asks this court to independently weigh the seriousness and recidivism factors under R.C. 2929.12 because the sentencing court "should have exercised some compassion" for Appellant. We cannot do so.

{¶25} The sentencing court here fulfilled its duty by stating at sentencing and on the judgment entry that it considered all factors under R.C. 2929.11 and R.C. 2929.12.

{¶26} Appellant's second assignment of error is without merit.

{¶27} The judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

6

Case No. 2022-T-0035