[Cite as *State v. Haynes*, 2022-Ohio-4464.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

ROBERT C. HAYNES,

        Defendant-Appellant.

CASE NO. 2022-L-009

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 001319

**O P I N I O N**

Decided: December 12, 2022
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Daniel J. Williams* and *Jerome Emoff*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Robert C. Haynes ("Mr. Haynes"), appeals the judgment of the Lake County Court of Common Pleas sentencing him to an aggregate prison term of 144 months (i.e., 12 years) following his guilty pleas to four counts of unlawful sexual conduct with a minor and one count of attempted sexual battery.

{¶2} Mr. Haynes presents three assignments of error, contending that (1) his "sentence" is contrary to law; (2) the trial court erred in imposing consecutive sentences; and (3) the statute that governs appellate review of felony sentences, i.e., R.C. 2953.08(G)(2), is unconstitutional as applied to him.

{¶3}    After a careful review of the record and pertinent law, we find as follows:

{¶4}    (1) Mr. Haynes has not clearly and convincingly established that his "sentence" is contrary to law. Mr. Haynes' argument relates to the length of his *aggregate* sentence, while R.C. 2929.11 and 2929.12 both apply only to *individual* sentences. Even if Mr. Haynes had properly challenged his individual sentences, there would be no basis to conclude that they are contrary to law.

{¶5}    (2) Mr. Haynes has not established that the trial court erred in imposing consecutive sentences. The trial court expressly made the required statutory findings at the sentencing hearing and incorporated them into its sentencing entry; thus, there is no basis to conclude that the consecutive sentences are contrary to law. In addition, the premise underlying Mr. Haynes' "support-in-the-record" argument is legally flawed.

{¶6}    (3) Mr. Haynes did not present an existing set of facts under which the statute could be found unconstitutional. This court's application of R.C. 2953.08(G)(2), as recently interpreted by the Supreme Court of Ohio, is not dispositive of Mr. Haynes' assignments of error.

{¶7}    Thus, we affirm the judgment of the Lake County Court of Common Pleas.

**Substantive and Procedural History**

{¶8}    In November 2021, the state filed an information charging Mr. Haynes with four counts of unlawful sexual conduct with a minor, third-degree felonies, in violation of R.C. 2907.04(A) (counts 1 through 4), and one count of attempted sexual battery, a fourth-degree felony, in violation of R.C. 2923.02 (count 5). The minor victim was 15 years old at the time of the alleged offenses.

2

{¶9} Mr. Haynes waived his right to a grand jury and pleaded guilty to all counts in the information. The trial court held a plea hearing and engaged in a colloquy with Mr. Haynes pursuant to Crim.R. 11. As a factual basis, the state indicated as follows:

{¶10} "[Mr. Haynes] met the victim * * * as a result of a voluntary coaching position he had at a private gym. He was a Muay Thai coach and the minor female victim took his class. As a result of that initial encounter and her taking that class they became friends along with other folks in the class and that friendship eventually evolved into him giving her rides, picking her up, things like that, going for coffee, going to movies in groups and ultimately it turned into a situation where they began spending time alone.

{¶11} "During that time alone[,] [Mr. Haynes] would supply alcohol to the minor female victim and ultimately their relationship turned into an intimate relationship.

{¶12} "And the evidence the state would have brought forth demonstrating that intimate relationship is contained in some very detailed Facebook communication between [Mr. Haynes] and the victim. And what would have been the testimony of the minor female victim in this situation and those pieces of evidence * * * would have demonstrated that there were various forms of sexual conduct that took place between the victim and the defendant, a digital penetration, oral sex performed on the victim, oral sex performed by the victim on [Mr. Haynes] and in one instance intercourse. That particular evidence is what is offered to support Counts 1 through 4, the unlawful sexual conduct with a minor * * * based on the various forms of sexual activity that have just been outlined.

{¶13} "With respect to Count 5, the attempted sexual battery, this was the last occasion that the relationship between [Mr. Haynes] and the minor female victim occurred on an intimate basis. [Mr. Haynes] attempted sexual conduct, the victim objected, there

3

was no consent. She alleges that she attempted to vocalize her objection and that was stopped. She had been supplied with alcohol and was impaired so [Mr. Haynes] didn't want to immediately return her to her home until she was less upset, calmed down and for lack of a better term sobered up at that time. * * *

{¶14} "As I outlined in the charge[,] [Mr. Haynes] was ten or more years older than the minor victim, I believe he was 26 years of age at the time that these offenses took place."

{¶15} Mr. Haynes agreed that the state's factual basis was accurate.

{¶16} The trial court accepted Mr. Haynes' guilty pleas and found him guilty. It ordered a presentence investigation ("PSI") report, a psychological evaluation, and a victim impact statement and set the matter for sentencing.

{¶17} In January 2022, the trial court held a sentencing hearing. Mr. Haynes addressed the court, and his mother and two friends spoke regarding his good character and remorse. The victim spoke about the effects Mr. Haynes' conduct had on her life, which included a diagnosis of PTSD and extensive therapy. Counsel for Mr. Haynes and the state also presented arguments regarding the statutory sentencing factors.

{¶18} Prior to announcing sentence, the trial court stated that it considered the PSI report, the psychological evaluations, the letters in support of Mr. Haynes, Mr. Haynes' letter, the victim impact statement, all statements made in court, as well as "all aspects of 2929.11, 2929.12, 2929.13, and 2929.14." The trial court also made extensive findings on the record.

{¶19} The trial court sentenced Mr. Haynes to prison terms of 48 months on each of counts 1 through 4 and 12 months on count 5. It ordered Mr. Haynes to serve counts

4

1 through 3 consecutively to one another and counts 4 and 5 concurrently to count 3, for an aggregate prison term of 144 months (i.e., 12 years).

{¶20} In ordering consecutive sentences, the court found, "consecutive sentences are necessary to protect the public from future crime by you and to punish the offender"; "consecutive sentences are not disproportionate to the seriousness of your conduct and the danger that you pose"; and "at least two of these offenses were committed as part of one or more courses of conduct and the harm caused to [the victim] by at least two of these offenses committed was so great or unusual that no single prison term for any of these offenses committed as part of this course of conduct adequately reflects the seriousness of the conduct."

{¶21} The trial court filed a judgment entry memorializing Mr. Haynes' sentences, which it subsequently amended.

{¶22} Mr. Haynes appealed and raises the following three assignments of error:

{¶23} "[1.] Clear And Convincing Evidence Affirmatively Demonstrates That The Trial Court Failed To Consider The Principles And Purposes Of Felony Sentencing Mandated In R.C. 2929.11 And The Sentencing Factors Found In R.C. 2929.12 And/Or That Appellant's Sentence Was Not Reasonably Calculated To Achieve The Principles And Purposes Of Sentencing And/Or That The Trial Court's Sentence Was Otherwise Contrary To Law.

{¶24} "[2.] The Trial Court Erred In Imposing Consecutive Sentences.

{¶25} "[3.] R.C. 2953.08(G)(2) Is Unconstitutional As Applied to Appellant."

### Individual Felony Sentences

{¶26} In his first assignment of error, Mr. Haynes contends that his "sentence" is contrary to law. Specifically, Mr. Haynes contends that the trial court failed to consider

5

the purposes and principles of felony sentencing; that his 12-year prison sentence was not "consistent with sentences imposed for similar crimes committed by similar offenders"; that the public does not require 12 years of protection from him; and that it is unlikely that he will be rehabilitated by serving a 12-year prison sentence.

{¶27} The standard of review for felony-sentencing appeals is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. That provision states:

{¶28} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶29} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶30} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶31} "(b) That the sentence is otherwise contrary to law."

{¶32} "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

6

established.'"  *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶33}** We conclude that Mr. Haynes has not clearly and convincingly established that his "sentence" is contrary to law.

**{¶34}** R.C. 2929.11 and 2929.12 apply as a general judicial guide for every sentencing.  *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 36, *abrogated on other grounds by Oregon v. Ice*, 555 U.S. 160, 172 L.Ed.2d 517, 129 S.Ct. 711 (2009).  R.C. 2929.11(A) provides that the trial court "shall be guided by the overriding purposes of felony sentencing," which are "[1] to protect the public from future crime by the offender and others, [2] to punish the offender, and [3] to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."  To "achieve those purposes," the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."  *Id.*  A felony sentence "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."  R.C. 2929.11(B).

**{¶35}** R.C. 2929.12(A) grants the sentencing court "discretion to determine the most effective way to comply with the purposes and principles of sentencing * * *."  In exercising that discretion, the court shall consider, along with any other "relevant" factors, the seriousness factors in R.C. 2929.12(B) and (C) and the recidivism factors in R.C.

7

2929.12(D) and (E).  *Foster* at ¶ 37.  There is no mandate for judicial fact-finding in the general guidance statutes; rather the court is merely to "consider" the statutory factors. *Id.* at ¶ 42.

{¶36}  Mr. Haynes' argument relates to his *aggregate* prison sentence of 12 years, which resulted from the trial court's decision to run Mr. Haynes' prison sentences on counts 1 through 3 consecutively.  The Supreme Court of Ohio has held that "R.C. 2929.11 and 2929.12 both clearly apply only to *individual* sentences.  R.C. 2929.11 speaks in terms of a court's imposing 'a sentence' for 'a felony.'  Likewise, R.C. 2929.12(A) speaks in terms of a court's imposing 'a sentence' for 'a felony.'"  (Emphasis sic.)  *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 17; *see State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph one of the syllabus ("A sentence is the sanction or combination of sanctions imposed for each separate, individual offense.")  For that reason alone, Mr. Haynes' first assignment of error lacks merit.

{¶37}  Even if Mr. Haynes had properly challenged his individual sentences, there would be no basis to conclude that the trial court did not consider the purposes and principles of felony sentencing.  A sentencing court fulfills its duty when it states that it has considered the factors under R.C. 2929.11 and R.C. 2929.12.  *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18.  Here, the trial court expressly stated that it "considered * * * the principles and purposes of sentencing under R.C. 2929.11" and "balanced the seriousness and recidivism factors under R.C. 2929.12."

{¶38}  Further, to the extent Mr. Haynes sought to challenge the trial court's *application* of R.C. 2929.11 and 2929.12, it would be outside the scope of our review. The Supreme Court of Ohio has held that R.C. 2953.08(G)(2)(b) "does not provide a basis

8

for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. According to the court, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42. As we have observed, "the competing factors in R.C. 2929.11 and 2929.12 are for the sentencing court to weigh, not the court of appeals." *State v. Stanley*, 11th Dist. Trumbull No. 2020-T-0039, 2021-Ohio-549, ¶ 12.

**{¶39}** Although Mr. Haynes asks us to find that *Jones* was wrongly decided, we have no authority to do so. "'As an intermediate appellate court, we are bound to follow precedent set by the Supreme Court of Ohio[,] and we cannot issue a decision in conflict with a decision of the Supreme Court that has not been reversed or overruled.'" *State v. Bruce*, 10th Dist. Franklin No. 21AP-376, 2022-Ohio-909, ¶ 40, *appeal not accepted*, 167 Ohio St.3d 1527, 2022-Ohio-3322, 195 N.E.3d 163, quoting *State v. Tatom*, 10th Dist. Franklin No. 17AP-758, 2018-Ohio-5143, ¶ 24. Rather, the authority to examine previous decisions is vested in the Supreme Court itself. *See Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 43 ("[A] supreme court not only has the right, but is entrusted with the duty to examine its former decisions and, when reconciliation is impossible, to discard its former errors.").

**{¶40}** Mr. Haynes' first assignment of error is without merit.

### Consecutive Sentences

**{¶41}** In his second assignment of error, Mr. Haynes contends that the trial court erred in imposing consecutive sentences.

9

{¶42} An appellate court reviews the trial court's imposition of consecutive sentences pursuant to R.C. 2953.08(G)(2), which permits us to modify or vacate consecutive sentences if we clearly and convincingly find that (a) the record does not support the trial court's findings under R.C. 2929.14(C)(4) or (b) the sentence is otherwise contrary to law.

{¶43} R.C. 2929.41 creates a statutory presumption in favor of concurrent sentences, providing, in pertinent part, that "[e]xcept as provided in * * * division (C) of section 2929.14, * * * a prison term * * * or sentence of imprisonment shall be served concurrently with any other prison term * * * or sentence of imprisonment imposed by a court of this state * * *."  R.C. 2929.41(A).  R.C. 2929.14(C)(4), in turn, provides that "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively" if it finds that (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) any of the following:

{¶44}  "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post release control for a prior offense.

{¶45}  "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

10

Case No. 2022-L-009

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶46} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶47} The Supreme Court of Ohio has held that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id*. Otherwise, "the imposition of consecutive sentences * * * is contrary to law." *Id*.

{¶48} In addition, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id*. at ¶ 29. In other words, "If the court has properly made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we 'clearly and convincingly' find '[t]hat the record does not support the court's findings[.]'" *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 19 (8th Dist.), quoting R.C. 2953.08(G)(2)(a).

{¶49} Here, the trial court expressly made the required statutory findings at the sentencing hearing and incorporated them into its sentencing entry. Thus, there is no basis to conclude that the trial court's imposition of consecutive sentences is contrary to law.

11

{¶50} In addition, the premise underlying Mr. Haynes' "support-in-the-record" argument is legally flawed. According to Mr. Haynes, the trial court "emphasized" nine particular facts in its "2929.14(C)(4) analysis," and those facts do not support a "12-year consecutive sentence." However, there is no indication that those particular facts formed the basis of the trial court's consecutive sentence findings, and a review of the hearing transcript demonstrates that the trial court discussed those facts in the context of considering the principles and purposes of felony sentencing. Further, Mr. Haynes' argument misunderstands the proper standard of review. The relevant inquiry under R.C. 2953.08(G)(2)(a) is not whether the record supports Mr. Haynes' aggregate prison sentence but whether there is evidence in the record supporting the trial court's consecutive sentence findings.

{¶51} Accordingly, Mr. Haynes has not established that the trial court erred in imposing consecutive sentences.

{¶52} Mr. Haynes' second assignment of error is without merit.

### Constitutional Challenge

{¶53} In his third and final assignment of error, Mr. Haynes contends that R.C. 2953.08(G)(2), i.e., the statute that governs appellate review of felony sentences, is unconstitutional as applied to him. According to Mr. Haynes, the statute, as interpreted by the Supreme Court of Ohio in *Jones*, fails to provide him with a right of review of a final order or judgment from a trial court in violation of Article IV, Section 3(B)(2) of the Ohio Constitution. He submits that unless an appellate court "can review a trial court's consideration of the sentencing mandates in R.C. 2929.11 and R.C. 2929.12," he is denied a "complete determination" of his assignments of error on appeal.

12

Case No. 2022-L-009

**{¶54}** Mr. Haynes acknowledges that he did not raise this constitutional challenge at sentencing. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. The waiver doctrine in *Awan*, however, is discretionary. *In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus ("Even where waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it.")

**{¶55}** Even if a plain error analysis was warranted in this case, we find it unnecessary to reach the merits of Mr. Haynes' constitutional argument. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 9 (courts should avoid answering constitutional questions unless it is absolutely necessary). In an as-applied constitutional challenge, the challenging party "bears the burden of presenting clear and convincing evidence of *a presently existing set of facts* that make the statute[] unconstitutional and void *when applied to those facts*." (Emphasis added.) *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 38. "A person to whom a statute may be constitutionally applied may not be heard to challenge the statute on the ground that it may conceivably be applied unconstitutionally to others, *in other situations not before the court.*" (Emphasis added.) *State v. Taubman*, 78 Ohio App.3d 834, 845, 606 N.E.2d 962 (2d Dist.1992).

**{¶56}** As explained above, Mr. Haynes' first assignment of error challenges the length of his *aggregate* sentence, while R.C. 2929.11 and 2929.12 apply only to *individual* sentences. Mr. Haynes' second assignment of error challenges the trial court's imposition

13

of consecutive sentences, which does not involve R.C. 2929.11 or 2929.12. Thus, this court's application of R.C. 2953.08(G)(2), as interpreted in *Jones*, is not dispositive of Mr. Haynes' assignments of error. Accordingly, Mr. Haynes did not present an existing set of facts under which the statute could be found unconstitutional.

{¶57} Mr. Haynes' third assignment of error is without merit.

{¶58} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J., concurs,

JOHN J. EKLUND, P.J., concurs with a Concurring Opinion.

_____

JOHN J. EKLUND, P.J., concurs with a Concurring Opinion.

{¶59} For the following reasons, I concur in the judgement.

{¶60} Within his first assignment of error, Haynes makes three arguments: (1) that the trial court failed to consider the purposes and principals of felony sentencing set forth in R.C. 2929.11 and the sentencing considerations in R.C. 2929.12; (2) that his sentence is not reasonably calculated to achieve his effective rehabilitation; and (3) that his sentence is otherwise contrary to law because his sentence is not consistent with sentences imposed for similar crimes committed by similar offenders. The majority opinion mischaracterizes the second and ignores the third.

{¶61} The majority addresses Haynes' argument that his sentence is not reasonably calculated to promote his effective rehabilitation by stating that a "sentencing court fulfills its duty when it states that it has considered the factors under R.C. 2929.11

14

and R.C. 2929.12." *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18. That principle bears upon Appellant's first argument. It has nothing to do with his second. The "duty" to which *DeLuca* and its ilk refer is for the sentencing court to "be guided by" the purposes of felony sentencing (R.C. 2929.11(A)) and to "consider" certain factors (R.C. 2929.12 (A) – (F)). However, the "duty" set forth in R.C. 2929.11(B) (which is what Appellant invokes) is for the sentencing court, having been "guided" and after "considering," to impose a sentence that is ("shall be") "reasonably calculated to achieve" the purposes of felony sentencing. Properly framed, we would review the record (as R.C. 2953.08(F) and (G) command) and analyze Appellant's second argument to determine whether his sentence is reasonably calculated "to promote his effective rehabilitation," and if not whether it is "clearly and convincingly" contrary to law under R.C. 2953.08(G)(2)(b). Nevertheless, I agree with the majority's judgment because, on the record before us, I cannot find clearly and convincingly that Haynes' sentence was not reasonably calculated to promote his effective rehabilitation.

{¶62} I next address Haynes' third argument within his first assignment of error: That his sentence is not consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(B) mandates that felony sentences shall be "consistent with sentences imposed for similar crimes committed by similar offenders." The majority gives less than short shrift to this argument; they ignore it.

{¶63} I acknowledge that this court has long held that "sentencing consistency is not derived from the trial court's comparison of the current case to prior sentences for similar offenders and similar offenses," but, rather, it is the "proper application of the statutory sentencing guidelines that ensures consistency." (Citations omitted.) *State v. Phifer*, 11th Dist. Trumbull No. 2020-T-0010, 2020-Ohio-4694, ¶ 35. However, if

15

"consistency" is simply a matter of following the dictates of R.C. 2929.12, 2929.13, and 2929.14, the "consistency" mandate in R.C. 2929.11(B) would be entirely superfluous. No wonder, then, that R.C. 2929.11(B) makes no reference to R.C 2929.12, 2929.13, or 2929.14.

{¶64} Other appellate districts have held that reviewing the record to ensure compliance with the statutory sentencing guidelines is not the only avenue to review whether a sentence is "consistent." The Tenth, First, and Fifth District Appellate Courts have held alternatively that:

> Consistency * * * does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors [as provided in R.C. 2929.12(A)]. The task of an appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although offenses may be similar, distinguishing factors may justify dissimilar sentences.

*State v. Battle*, 10th Dist. Franklin. No. 06AP–863, 2007-Ohio-1845, ¶ 24, quoting *State v. King*, 5th Dist. Muskingum No. CT06–0020, 2006-Ohio-6566, ¶ 23, quoting *State v. Ryan*, 1st Dist. Hamilton App. No. C–020283, 2003-Ohio-1188, ¶ 10.

{¶65} I would take this opportunity to have this court adopt that approach as an additional analytic tool. Whether under that approach or under our current precedent, I believe we should address Appellant's contention.

{¶66} Here, Haynes plead guilty to five offenses. Four were felonies of the third-degree and one was a fourth-degree felony. It is not so unusual as to be outside the mainstream of local judicial practice for an offender to be sentenced to 12 years imprisonment after pleading guilty to five sexual offenses with a minor. I would not have

16

found clearly and convincingly that Haynes' sentence is contrary to law as being inconsistent with sentences imposed for similar crimes committed by similar offenders.

{¶67} Lastly, I would find that this court should fully address Haynes' third assignment of error, in which he contends that "R.C. 2953.08(G)(2) Is Unconstitutional As Applied To Appellant." Justice Fischer's concurring opinion in *Jones* provides a more expansive and apt discussion of this issue and states that:

> There is also no reason to believe that a trial court's consideration under R.C. 2929.11 and 2929.12 is wholly unreviewable. First, although, as the majority opinion explains, R.C. 2929.11 and 2929.12 do not require a trial court to make any specific findings on the record, those statutes are not optional. Both statutes use the term "shall" multiple times in relation to other matters. For example, R.C. 2929.11(A) and 2929.12(A) through (F) set forth matters that a sentencing court "shall consider," and R.C. 2929.11(A) provides that the trial court "shall be guided by" the three overriding purposes of felony sentencing. R.C. 2929.11(B) further states that the sentence imposed by the trial court "shall" meet certain specific criteria. * * * Second, R.C. 2953.08(G)(2) expressly requires an appellate court to "review the record, including the findings underlying the sentence." The breadth of this statutory provision necessarily means that if a trial court does make findings under R.C. 2929.11 and 2929.12, the appellate court may review those findings for certain limited purposes. Third, R.C. 2953.08(G)(2)(b) provides that an appellate court can modify or vacate a sentence on the ground that it is "otherwise contrary to law." This court's holding today specifies what an appellate court may not do under this provision: it may not conduct an independent review of whether the record supports the sentence and substitute its own judgment regarding the appropriate sentence.

{¶68} *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649 ¶ 46 (Fischer J., concurring).

{¶69} I find Justice Fisher's analysis compelling, and would hold that R.C. 2953.08(G)(2) is constitutional as applied to Haynes because *Jones* is limited to the holding that a court may not conduct an independent review of whether the record

17

supports the sentence and substitute its own judgment regarding the appropriate sentence, but does not render the results of the trial court's consideration wholly unreviewable. *Id.*

{¶70} I otherwise agree with the majority's analysis, and I concur in the judgment.

Case No. 2022-L-009