[Cite as *State v. Rutter*, 2024-Ohio-1528.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-A-0056 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| MATTHEW LEE RUTTER, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00337 |

**O P I N I O N**

Decided: April 22, 2024
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Christopher R. Fortunato*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Matthew C. Bangerter*, The Bangerter Law Office, 4124 Erie Street, Willoughby, OH 44094 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}   Appellant, Matthew Lee Rutter ("Mr. Rutter"), appeals the judgment of the Ashtabula County Court of Common Pleas that sentenced him to two concurrent, five-year terms of imprisonment following his guilty pleas to two counts of gross sexual imposition.

{¶2}   Mr. Rutter raises one assignment of error on appeal, contending the trial court's maximum sentence is contrary to law because the trial court failed to consider the R.C. 2929.12 seriousness/recidivism sentencing factors.

{¶3} After a careful review of the record and pertinent law, we find Mr. Rutter's assignment of error to be without merit. The trial court explicitly reviewed the seriousness/recidivism factors pursuant to R.C. 2929.12, including the mitigating circumstances, at the sentencing hearing and in the sentencing judgment entry. Further, we are not permitted on appeal to independently reweigh the R.C. 2929.12 factors, and there is nothing to suggest Mr. Rutter's sentence is contrary to law.

{¶4} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

## Substantive and Procedural History

{¶5} In June 2022, the Ashtabula County Grand Jury indicted Mr. Rutter on one count of rape, a first-degree felony, in violation of R.C. 2907.02(A)(1)(b) and (B), and three counts of gross-sexual imposition, third-degree felonies, in violation of R.C. 2907.05(A)(4) and (C)(2). Mr. Rutter's convictions arose from a series of sexual acts he committed on two young children.

{¶6} In May 2023, Mr. Rutter pleaded guilty to two counts of gross sexual imposition (counts two and four). The court dismissed the remaining counts of rape and gross sexual imposition. The court set the matter for a presentence investigation ("PSI") and a sentencing hearing.

{¶7} In July 2023, the court postponed the sentencing hearing after Mr. Rutter informed the court he was diagnosed with leukemia. The court requested he obtain medical documentation from his treating physicians, including a detailed diagnosis, a detailed prognosis, his current treatment regime, and how his treatment can be maintained in the future.

2

Case No. 2023-A-0056

**{¶8}** At the end of August 2023, the sentencing hearing was held. Mr. Rutter's counsel spoke on his behalf, advocating for a sentence of community control sanctions so Mr. Rutter could enter a clinical trial for his leukemia treatment. Mr. Rutter apologized to the court for his actions.

**{¶9}** A court advocate read victim impact statements from one of the child victims and the child's mother. The child victim shared that because of Mr. Rutter's crimes, she cannot sleep, she must take medication, and she does not feel safe around males. In addition, the memories of the incidents cause mental and physical stress/symptoms and sometimes cause her to try to hurt herself. She asked the court to give Mr. Rutter the maximum penalty to keep other little girls safe and so she can sleep at night.

**{¶10}** The victim's mother also requested the maximum penalty, noting the devastating consequences of Mr. Rutter's actions.

**{¶11}** The state asked the court to especially consider, among the sentencing factors pursuant to R.C. 2929.12(B), that the physical and/or mental injuries suffered by the victim were exacerbated by her young age. She was under the age of ten when the incidents occurred. She has post-traumatic stress syndrome, and she suffers from flashbacks. The state further argued that no mitigating factors applied and pointed out that while Mr. Rutter is suffering from a horrible disease, per his treating physician, he can receive his treatment while incarcerated. The other victim did not submit a victim impact statement and was not present at the hearing.

**{¶12}** Upon the court's questioning, the state confirmed that there were no allegations of the incidents or harm caused to the other victim in the PSI.

Case No. 2023-A-0056

{¶13} The court reviewed the seriousness and recidivism sentencing factors pursuant to R.C. 2929.12, finding the victims were very young, Mr. Rutter was in a position of trust since the victims had been staying overnight in a place where he lived, and he never accepted responsibility for his actions. The court noted that Mr. Rutter has an extensive juvenile record and a minimal adult record, including misdemeanors of theft, obstructing official business, and criminal trespass and that the probation officer believes a prison sentence is appropriate.

{¶14} In mitigation, the court noted the state has very little information regarding the second victim, Mr. Rutter has a minimal adult record, he has been compliant with pre-trial supervision, and he has been in counseling, as set forth in the PSI.

{¶15} Regarding Mr. Rutter's leukemia, the court noted his prognosis is unclear, the prison system can administer outpatient chemotherapy, and the clinical trial is a promising treatment option.

{¶16} The court concluded by outlining the purposes and principles of sentencing, finding the state's recommendation to be appropriate because Mr. Rutter needs to be punished and the public must be protected. The court further found Mr. Rutter to be a Tier II sexual offender, notifying him of his registration requirements.

{¶17} The court sentenced Mr. Rutter to the maximum term of imprisonment of five years on each count, to be served concurrently to one another, for a total term of imprisonment of 60 months.

{¶18} Mr. Rutter raises one assignment of error on appeal:

{¶19} "The trial court erred by sentencing the defendant-appellant to a term of imprisonment contrary to statute and where its findings were not supported by the record."

4

**Sentencing Factors Pursuant to R.C. 2929.12**

{¶20} In his sole assignment of error, Mr. Rutter contends his sentence is contrary to law and unsupported by the record because the trial court failed to consider the seriousness/recidivism sentencing factors pursuant to R.C. 2929.12.

{¶21} We apply the standard of review for felony sentences, which is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. Pursuant to R.C. 2953.08(G)(2):

{¶22} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶23} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶24} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶25} "(b) That the sentence is otherwise contrary to law."

{¶26} "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

5

established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶27} The Supreme Court of Ohio in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, recently clarified that contrary to the "dicta" in *Marcum*, R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id.* at ¶ 29; *see Marcum* at ¶ 23. *See also State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, ¶ 67, fn. 2 (Donnelly, J., concurring) (the failure to observe the statutory requirements of R.C. 2929.11 and 2929.12 is not subject to appeal pursuant to R.C. 2953.08). "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

{¶28} We note that Mr. Rutter expresses some confusion in his assignment of error as to "contrary to law" in his challenge of whether the trial court erred in failing to consider the seriousness/recidivism factors of R.C. 2929.12. The *Jones* majority clarified that the term "otherwise contrary to law" under R.C. 2953.08(G)(2)(b) does not encompass an appellate court's conclusion that a sentence is not supported by the record. *Id.* at ¶ 32. *See also State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784 (affirming on the authority of *Jones* where the appellant challenged whether his sentence was supported by the record).

{¶29} Thus, following precedent, R.C. 2953.08(G)(2) does not allow an appellate court to review whether the record supports the sentence under R.C. 2929.12.

6

Case No. 2023-A-0056

**R.C. 2929.12**

{¶30}  R.C. 2929.11 and R.C. 2929.12 apply as a general judicial guide for every sentencing.  *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 36.

{¶31}  R.C. 2929.12(A) grants the sentencing judge discretion "'to determine the most effective way to comply with the purposes and principles of sentencing.'"  *Foster* at ¶ 37, quoting R.C. 2929.12(A).  "[I]n exercising that discretion, the court shall consider, along with any other 'relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12."  *Id.*, quoting R.C. 2929.12(A).  These statutory sections provide a nonexclusive list for the court to consider.  *Id.*

{¶32}  The trial court possesses broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines.  *State v. Phifer*, 11th Dist. Trumbull No. 2020-T-0010, 2020-Ohio-4694, ¶ 52; R.C. 2929.12(A).  The statutes do not mandate judicial fact-finding, and when a sentencing court states that it has considered these factors, it fulfills its duty.  *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18.  Even a silent record raises the presumption that the sentencing court considered all relevant factors.  *Id.*; *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus.

{¶33}  As our review reveals, the trial court was explicit at the sentencing hearing and in the sentencing judgment entry that it considered the seriousness/recidivism factors pursuant to R.C. 2929.12, including the mitigating circumstances.

{¶34}  Moreover, the court clearly considered the seriousness of Mr. Rutter's crimes, especially against such young child victims, as well as the seriousness of Mr.

7

Rutter's medical diagnosis, remarking that "[b]efore [the court] had all the information regarding his medical condition, the Court's feelings were somewhat different than they are now in terms of what the appropriate sentence in this matter is."

{¶35} As we have observed, "the competing factors in R.C. 2929.11 and 2929.12 are for the sentencing court to weigh, not the court of appeals." *State v. Stanley*, 11th Dist. Trumbull No. 2020-T-0039, 2021-Ohio-549, ¶ 12. Further, even if we could independently review and weigh the evidence, it cannot be said that Mr. Rutter's sentence is not supported by the record, and there is nothing in the record to suggest his sentence is contrary to law.

{¶36} Mr. Rutter's sole assignment of error is without merit.

{¶37} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.