[Cite as *State v. Davy*, 2024-Ohio-5550.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

COREY DAVY,

        Defendant-Appellant.

**CASE NO. 2024-L-044**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 000108

**O P I N I O N**

Decided: November 25, 2024
Judgment: Affirmed and remanded

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Christina Brueck*, 333 Babbitt Road, Suite 301, Euclid, OH 44123 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Corey Davy, appeals his convictions from the Lake County Court of Common Pleas, raising two assignments of error relating to the imposition of sentence. First, Appellant argues the trial court erred by not making required findings pursuant to R.C. 2929.12. Second, he argues the trial court failed to properly advise him in open court of all required postrelease control advisements set forth in R.C. 2929.19(B)(2)(d)-(f).

{¶2} Having reviewed the record and the applicable caselaw, Appellant's assignments of error are without merit. First, although not required, the trial court explicitly

reviewed the seriousness/recidivism factors pursuant to R.C. 2929.12 at the sentencing hearing and in the sentencing judgment entry. The trial court is only required to consider the statutory factors that apply, and nothing in the record suggests the trial court did not do so. Second, the trial court directly informed Appellant that the Adult Parole Authority ("APA") would administer his postrelease control and could impose an additional term up to one-half the stated prison term originally imposed for violating the APA's rules. In doing this, the trial court complied with all notice requirements set forth in R.C. 2929.19(B)(2).

{¶3} Additionally, it appears the trial court's sentencing entry contains a clerical error. The entry sentenced Appellant to 12 months imprisonment. However, instead of providing that Appellant could be subject to up to six months imprisonment, the sentencing entry incorrectly said that Appellant was subject to "up to nine (9) months for each violation, up to a maximum of 50% of Defendant's stated prison term." Therefore, the matter is remanded for the trial court to issue a nunc pro tunc entry to correct the sentencing entry to reflect that Appellant may be subject to up to six months imprisonment for a violation of postrelease control.

{¶4} Therefore, we affirm the judgment of the Lake County Court of Common Pleas and remand for the trial court to issue a nunc pro tunc judgment entry.

## Substantive and Procedural History

{¶5} On February 23, 2024, Appellant was indicted on two counts: Count 1: Assault against a peace officer in the performance of his official duties, a fourth-degree felony in violation of R.C. 2903.13(A); and Count 2: Resisting Arrest, a second-degree misdemeanor in violation of R.C. 2921.33(A).

Case No. 2024-L-044

{¶6} Appellant pled not guilty, and the matter proceeded to a jury trial. Prior to the start of trial, the State dismissed Count 2.

{¶7} On May 15, 2024, the jury found Appellant guilty on Count 1, and the court set the matter for sentencing.

{¶8} On June 10, 2024, the trial court held a sentencing hearing. The court said, in relevant part:

> This Court has considered the particular facts and circumstances of the offense involved. Obviously having presided over the trial, I had the opportunity to hear all the facts.
>
> The Court did order a presentence report and investigation. The Defendant, however, failed to cooperate with probation in filling out the paperwork necessary for that. So a report, a complete report was not completed.
>
> I have considered what's been said here by [Appellant's trial counsel]. The Defendant was afforded an opportunity to address the Court. Prosecutor's recommendation. I have considered all this in light of the purposes and principles of felony sentencing set forth in 2929[.]11.
>
> As for the factors in 2929[.]12, nothing stands out making it more or less serious than normal.
>
> As for the recidivism factors, the Court finds the Defendant was on post-release control at the time he committed this offense. He does have a history of criminal convictions and juvenile delinquency adjudications. He's previously served a prison term. There's no genuine remorse.
>
> No factors indicate recidivism is less likely.
>
> Under 2929[.]13(B)(1), the Court finds the Defendant did cause physical harm to a person. That he's also previously served a prison term, was on post-release control.
>
> That overrides any presumption of community control.

{¶9} The trial court imposed a prison term of 12 months with credit for 123 days served. The trial court did not impose any additional time for Appellant's postrelease control violation.

3

Case No. 2024-L-044

{¶10} The court next advised Appellant of his postrelease control, stating that:

[U]pon your release from prison, you may be put on post-release control for this, it's not mandatory in this case. It's up to the Parole Authority to decide that. If you are, it could be up to two years. If you violate any of the conditions of post-release control, the Parole Authority could return you to prison as a punishment for violating their rules for another, in this case, six months. The maximum being fifty percent of the term I just imposed. Any additional prison term imposed for violating post-release control is being imposed as a part of the sentence at this time.

{¶11} On June 11, 2024, the trial court issued its judgment entry of sentence. In the judgment entry, the trial court said that it notified Appellant that the Adult Parole Authority could sentence him "up to nine (9) months for each violation, up to a maximum of 50% of Defendant's stated prison term."

{¶12} Appellant timely appealed raising two assignments of error.

**Assignments of Error and Analysis**

{¶13} Appellant's first assignment of error states: "The trial court committed reversible and plain error by imposing sentence without making the proper findings as required by R.C. 2929.12."

{¶14} R.C. 2929.11(A) defines the principles and purposes of felony sentencing in Ohio and requires a sentencing court to "be guided by the overriding purposes."

{¶15} R.C. 2929.12 grants discretion to a court that imposes a sentence under that chapter to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11.

{¶16} R.C. 2953.08(G)(2) governs our standard of review and provides:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its

4

discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶17} The Ohio Supreme Court has explained the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and R.C. 2929.12 in *State v. Jones*, 2020-Ohio-6729. First, the Court held that R.C. 2953.08(G)(2)(a) does not allow an appellate court to vacate a sentence based on "lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12" because neither section is enumerated within division (G)(2)(a) of the statute, and, more fundamentally, neither statute requires the court to make "findings." *Id.* at ¶ 29, ¶ 31. The Court reasoned, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶18} When sentencing, a "trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion." *State v. DelManzo*, 2008-Ohio-5856, ¶ 23 (11th Dist.). A sentencing court fulfills its duties under R.C. 2929.11 and 2929.12 when it states that it considered them. *State v. DeLuca*, 2021-Ohio-1007, ¶ 18 (11th Dist.).

{¶19} Appellant contends that this Court should reverse his sentence because the trial court "merely made very general statements [at sentencing] without referring to any actual factor other than a cursory mention of the R.C. 2929.12 factors in the aggregate."

5

Case No. 2024-L-044

{¶20} However, the factors listed in R.C. 2929.12(B) through (F) are non-exhaustive and a court may consider other factors that would affect the seriousness of the offense or the likelihood of recidivism. *See State v. Thompson*, 2024-Ohio-4541, ¶ 31 (11th Dist.). Further, the trial court need only consider those factors that are relevant. *Id.*

{¶21} The record demonstrates that the trial court engaged in the statutorily required weighing of the seriousness and recidivism factors, stating that "nothing stands out making it more or less serious than normal" and that "[n]o factors indicate recidivism is less likely." It is not the province of a court of appeals to independently weigh the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12 and we will not do so here. Further, we will not presume the trial court failed to weigh certain factors merely because the trial court did not explicitly discuss each discrete factor on the record. R.C. 2929.11 and R.C. 2929.12 do not require judicial factfinding, and "[e]ven a silent record raises the presumption that the sentencing court considered all relevant factors." *State v. Rutter*, 2024-Ohio-1528, ¶ 32 (11th Dist.).

{¶22} Accordingly, Appellant's first assignment of error is without merit.

{¶23} Appellant's second assignment of error states: "The trial court committed error by failing to properly advise and notify Defendant-Appellant in open court of all the statutorily required post-release control advisements as required by R.C. 2929.19(B)(2)(d)-(f)."

{¶24} R.C. 2967.28 requires that prison sentences for certain felonies include a term of postrelease control to be imposed by the APA after the offender is released from imprisonment.

6

{¶25} R.C. 2929.19(B)(2)(d) through (f) require the sentencing court to provide notice of postrelease control. R.C. 2929.19(B)(2)(d) requires the sentencing court to notify an offender that postrelease control is mandatory for non-life imprisonment felony offenses of the first and second degree or for certain third-degree felonies. R.C. 2929.19(B)(2)(e) requires the sentencing court to notify an offender that postrelease control may be imposed for felonies of the third, fourth, or fifth degree.

{¶26} Next, R.C. 2929.19(B)(2)(f) requires the sentencing court to notify the offender that, "if a period of supervision is imposed . . . , and if the offender violates that supervision or a condition of post-release control imposed . . . , the parole board may impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term or up to one-half of the minimum prison term originally imposed upon the offender as part of the offender's stated non-life felony indefinite prison term."

{¶27} In addition to this statutory duty to provide postrelease control notifications at sentencing, a trial court must also incorporate those advisements into the sentencing entry:

> (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the [APA] will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*State v. Bates*, 2022-Ohio-475, ¶ 12, quoting *State v. Grimes*, 2017-Ohio-2927, ¶ 1.

{¶28} A failure to do so renders a sentence voidable. *Id.* at ¶ 13.

{¶29} The "'preeminent purpose'" of R.C. 2967.28 is to ensure "'offenders subject to postrelease control know *at sentencing* that their liberty could continue to be restrained

7

after serving their initial sentences.'" (Emphasis in original.) *Grimes* at ¶ 14, quoting *Watkins v. Collins,* 2006-Ohio-5082, ¶ 52.

{¶30} Appellant acknowledges that the trial court advised him of the possibility he could be placed on postrelease control and the maximum duration of the sanction. He also concedes that the trial court's judgment entry contained all necessary advisements. However, he argues that the trial court failed to advise him "in open court" of "all the consequences" set forth in R.C. 2929.19(B)(2)(d)-(f) for violating postrelease control. Appellant concedes that the trial court's sentencing entry contains all necessary advisements.

{¶31} Neither R.C. 2967.28 nor R.C. 2929.19(B)(2) require a trial court to inform an offender of "all the consequences" of violating postrelease control. Instead, "R.C. 2929.19(B)(2)(e) unambiguously requires that the court notify the offender that if the offender violates postrelease control, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the offender. R.C. 2929.19(B)(2)(e) does not impose any other notification requirements on trial courts." *State v. Gordon*, 2018-Ohio-1975, ¶ 11.

{¶32} In *State v. Riley*, 2019-Ohio-3327 (11th Dist.), the trial court advised the defendant at the sentencing hearing that he would "be subject to post-release control for a mandatory term of three years pursuant to R.C. 2967.28, and that if he violates post-release control, he could receive an additional prison term, not to exceed fifty percent of his original term. Although the court did not specifically state the parole board may impose the additional term, as discussed above, we conclude the statutory reference is a

8

sufficient 'statement to the effect' that the APA has the discretion to impose the same." *Id.* at ¶ 82.

{¶33} In this case, the trial court advised Appellant that postrelease control was not mandatory. The court further notified Appellant that if subject to postrelease control, it would be for a period of two years, and that he would be subject to the Parole Board for any violations of postrelease control. The trial court informed Appellant that APA could return him to prison as a punishment for violations of APA rules. The trial directly informed Appellant that APA would administer his postrelease control and could impose an additional term up to one-half the stated prison term originally imposed for violating the Parole Authority's rules. In doing this, the trial court complied with all notice requirements set forth in R.C. 2929.19(B)(2).

{¶34} As a final matter, we note that the trial court's sentencing entry contains a clerical error. Although the entry sentenced Appellant to 12 months imprisonment, it incorrectly said that Appellant was subject to "up to nine (9) months for each violation, up to a maximum of 50% of Defendant's stated prison term." Fifty percent of 12 months is six months. The trial court correctly stated this term in person at the sentencing hearing.

{¶35} Crim.R. 36 authorizes the trial court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission . . . at any time." Courts have held that a nunc pro tunc entry may be used to correct a sentencing entry to reflect the sentence the trial court imposed at the sentencing hearing. *E.g., State v. Reed*, 2023-Ohio-1324, ¶ 20 (11th Dist.).

{¶36} Accordingly, Appellant's second assignment of error is without merit. However, the trial court is ordered to issue a nunc pro tunc entry to correct the sentencing

9

entry to reflect that Appellant may be subject to up to six months imprisonment for a violation of postrelease control.

{¶37} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed, and the matter is remanded to the trial court to issue a nunc pro tunc judgment entry to correct the clerical error in the judgment entry to reflect that Appellant may be subject to up to six months imprisonment for a violation of postrelease control.

MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.