[Cite as *State v. Hackathorn*, 2023-Ohio-410.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

ANDREW M. HACKATHORN,

        Defendant-Appellant.

**CASE NO. 2022-L-064**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 000349

---

# **O P I N I O N**

Decided: February 13, 2023
Judgment: Affirmed

---

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Jamie R. Eck*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Andrew Hackathorn, appeals his sentence after entering a plea of guilty to Theft from a Person of a Protected Class, a third-degree felony, in violation of R.C. 2913.02(A)(3). For the following reasons, we affirm the judgment of the Lake County Court of Common Pleas.

{¶2} On May 3, 2022, Appellant plead guilty to Theft from a Person of a Protected Class after intentionally deceiving an elderly woman into giving him approximately $72,000.00.

{¶3} On June 15, 2022, the court held a sentencing hearing. Appellant expressed his remorse and explained that his drug addiction caused him to behave the way he had. Appellant asked for community control instead of imprisonment so he could treat his drug addiction. The prosecutor objected to sentencing Appellant to community control and, with reference to the pre-sentence investigation, noted that Appellant had been a drug addict for thirty years, started NEOCAP in 2010, and since then has also tried the drug suboxone to stop his addiction, attended multiple twelve-step meetings, and, in 2018, for an unrelated crime, the court sentenced him to community control, which included treatment for his drug addiction. Each attempt at treatment had been unsuccessful and Appellant continued his addiction. The court then stated that it considered all aspects of R.C. 2929.11 and 2929.12, and sentenced Appellant to thirty-six months imprisonment.

{¶4} Appellant timely appeals and raises one assignment of error.

{¶5} Assignment of error: The trial court erred by sentencing the defendant-Appellant to the maximum prison term of thirty-six months, as the trial court's findings with respect to R.C. 2929.11 and 2929.12 were unsupported by the record and contrary to law.

{¶6} Our standard of review for felony sentencing is provided by R.C. 2953.08(G)(2):

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

2

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant,

(b) That the sentence is otherwise contrary to law.

{¶7} The Ohio Supreme Court has explained the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and 2929.12 in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649.  First, the Court held that R.C. 2953.08(G)(2)(a) does not allow an appellate court to vacate a sentence based on "lack of support in the record for a trial court's findings under R.C. 2929.11 and .12" because neither of those sections is enumerated within division (G)(2)(a) of the statute, and, more fundamentally, neither statute requires the court to make "findings."   *Id.* at ¶ 29, ¶ 31.  The Court reasoned, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶8}    When sentencing, a "trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion."  *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶ 23.  A sentencing court fulfills its duty when it states that it has considered the factors under R.C. 2929.11 and R.C. 2929.12.  *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18.

{¶9}    Appellant first contends that his sentence is contrary to law because it was not reasonably calculated to achieve the three overriding purposes of felony sentencing under R.C. 2929.11(A).

3

{¶10} R.C. 2929.11(B) mandates that a sentencing court shall sentence an offender to a sentence that is reasonably calculated to achieve the three overriding purposes of felony sentencing listed under R.C. 2929.11(A). Those three purposes are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender. R.C. 2929.11(A).

{¶11} Appellant specifically asserts that his sentence was only reasonably calculated to punish him, but does nothing to promote his rehabilitation or to protect the public from future crime by him.

{¶12} The sentencing court stated at the sentencing hearing and journalized on the judgment entry that it considered all aspects of R.C. 2929.11 and 2929.12. On this appeal, Appellant does not demonstrate nor does he articulate any basis why his sentence is not reasonably calculated to achieve the three overriding purposes of felony sentencing. Appellant's only support for his argument is that "the only purpose of felony sentencing that the court appears to be guided by is the need for punishment." We decline to form an argument on his behalf why his sentence is or is not reasonably calculated to achieve all three overriding purposes of felony sentencing.

{¶13} Appellant next asks this court to independently weigh the seriousness and recidivism factors under R.C. 2929.12 because the sentencing court did not consider his remorse or that he took full responsibility for his actions.

{¶14} An appellate court is without authority to independently weigh mitigating factors under R.C. 2929.12. *Jones, supra,* at ¶ 42. The sentencing court here fulfilled its duty by stating at sentencing and in its judgment entry that it considered all factors under R.C. 2929.11 and R.C. 2929.12.

4

**{¶15}** Appellant's assignment of error is without merit.

**{¶16}** The judgment of the Lake County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2022-L-064