[Cite as *State v. Pace*, 2025-Ohio-5291.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff-Appellee,<br><br>- vs -<br><br>JESSE KREE PACE,<br><br>    Defendant-Appellant. | CASE NO. 2025-T-0042<br><br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br><br>Trial Court No. 2025 CR 00141 |

---

## OPINION AND JUDGMENT ENTRY

Decided: November 24, 2025
Judgment: Affirmed

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Martin Yavorcik*, 940 Windham Court, Suite 7, Youngstown, OH 44512 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Jesse Kree Pace, appeals his sentence after entering a negotiated plea of guilty to three felonies. We affirm.

{¶2} Appellant was initially indicted on five felony counts after he entered a residence by force in violation of a protective order and, during the ensuing altercation, punched one police officer in the face several times and spit on another police officer.

{¶3} On April 15, 2025, appellant entered a plea of guilty to Aggravated Burglary (F1), in violation of R.C. 2911.11(A)(1) & (B); Assault of a Peace Officer (F4), in violation of R.C. 2903.13(A) & (C)(5)(a); and Harassment with a Bodily Substance (F5), a fifth-

degree felony, in violation of R.C. 2921.38(B) & (D). The State entered a nolle prosequi on the remaining two counts of the indictment. Prior to sentencing, appellant underwent a pre-sentence investigation.

{¶4} On May 22, 2025, the trial court held a sentencing hearing. The prosecutor presented nothing in the way of sentencing. Defense counsel requested a minimum sentence and explained that appellant's issues with alcohol, drugs, and mental health caused his issues with the law. Appellant told the court he took full responsibility for his actions. The court outlined appellant's history of violent crime from the pre-sentence investigation report, stated it had considered the overriding principles and purposes of felony sentencing and all relevant seriousness and recidivism factors, found the sentence shall be proportional to appellant's conduct and consistent with similarly situated offenders, and made the necessary consecutive-sentence findings. The court then imposed a prison term of 8 to 12 years on Count 1, a prison term of 18 months on Count 4 to be served consecutively to Count 1, and a concurrent prison term of 12 months on Count 5, for an aggregate prison sentence of 9.5 years to a maximum of 13.5 years.

{¶5} The sentencing entry was journalized on May 23, 2025. The court stated therein that it had considered the record, oral statements, and any victim impact statements, as well as the principles and purposes of sentencing under R.C. 2929.11, and had balanced the seriousness and recidivism factors of R.C. 2929.12.

{¶6} Appellant timely appeals and raises one assignment of error:

{¶7} "The trial court erred by imposing an excessive sentence without any consideration of mitigating factors, contrary to R.C. 2929.11 and R.C. 2929.12."

{¶8} Our standard of review for felony sentencing is found in R.C. 2953.08(G)(2):

Case No. 2025-T-0042

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶9} Our jurisdiction to review the sentencing factors in R.C. 2929.11 and 2929.12 is limited under R.C. 2953.08(G)(2)(b). *State v. Brunson*, 2022-Ohio-4299, ¶ 69. "Under that provision, the appellate court cannot modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id*., citing *State v. Jones*, 2020-Ohio-6729, ¶ 39. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

{¶10} "When sentencing, a 'trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion.' *State v. Delmanzo*, 2008-Ohio-5856, ¶ 23 (11th Dist.). A sentencing court fulfills its duty when it states that it has considered the factors under R.C. 2929.11 and R.C. 2929.12. *State v. DeLuca*, 2021-Ohio-1007, ¶ 18 (11th Dist.)." *State v. Hackathorn*, 2023-Ohio-410, ¶ 8 (11th Dist.).

{¶11} In support of his assignment of error, appellant argues the trial court erred by imposing a near-maximum sentence based on his criminal history and "boilerplate

Case No. 2025-T-0042

recitations" without weighing mitigating factors, including his expression of remorse. He calls for "fairness" and asserts that we should not let a sentencing hearing be a "mere monologue."

{¶12} However, we are without any authority to independently weigh mitigating factors under R.C. 2929.12, *Jones* at ¶ 42, and the trial court fulfilled its duty in this regard by stating at sentencing and in its judgment entry that it had considered all factors under R.C. 2929.11 and 2929.12. *See Hackathorn* at ¶ 14.

{¶13} Accordingly, appellant's assignment of error is without merit.

{¶14} We affirm the Trumbull County Court of Common Pleas' judgment entry of sentence.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0042

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.


_____
JUDGE MATT LYNCH


_____
JUDGE EUGENE A. LUCCI,
concurs


_____
JUDGE SCOTT LYNCH,
concurs


| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
|---|
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2025-T-0042